PERRY DAVIS, PLAINTIFF IN ERROR, vs. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

The defendant was indicted for assaulting one Randall Farnell with a gun, a deadly weapon, from a premeditated design to effect the death of Farnell. The evidence shows that defendant presented his gun at Farnell in carrying distance, but does not show that the defendant fired the gun, or that he attempted to fire it, nor does the evidence show that the gun was loaded: *Held*, That this evidence does not show an assault with intent to murder.

Writ of error to the Circuit Court for Suwannee county.

The facts of the case are stated in the opinion of the court.

*J. H. Gullaher* for Plaintiff in Error.

The act and intent must occur in point of time. Bish. Crim. Law 5 Edition, 1st vol., pg. 344.

If the intent is lacking, not criminal. Id. 345.

When a man has done all he can to commit a crime the law may punish him as though he had succeeded, though in a less degree. Bish. C. L., 435.

To constitute an attempt to do a thing the complete doing must be intended, but if from change of purpose the consummation is forborne there is no attempt. See Not. B. C. L., 732.

The act takes character from the specific intent. 729. See Note, 742.

To constitute the crime of assault with intent to murder, there must be an intent to take life, there must be an attempt the carry out the intent, and an ability to consummate the crime. An attempt without intent and ability is not such an assault as would warrant a conviction for an assault to murder. An attempt with a gun beyond its carrying distance is not such an assault as would warrant a conviction.

If a man raises a stick and attempts to strike another within reach and is prevented by some power independent of himself he is guilty of an assault, but if he raises a stick at a distance clearly out of the reach of the stick, no matter how often he attempts to strike, it is not such attempt as would warrant a conviction, because he has *not the present ability.*

If A presses B and B is forced to flee to avoid his pursuing assailant, that would be a sufficient attempt to warrant a conviction. Because A has done all that he could do and is only prevented by the successful flight of B from consummating his purpose.

The same rule ought to apply to deadly weapons. If A presents a gun at B, even though it be loaded, at a distance far beyond its capacity to reach, would not be such an attempt as the law would punish.

Criminal attempt is a commencement of execution by external acts the realization of which is hindered by causes independent of the author. Bish. C. L. 1 vol Note 732.

If A. threatens to kill B and starts to execute the threat, but before he consummates the crime he relents and desists, not being hindered by circumstances independent of his

own will, surely is not punishable for a criminal intent. Bish. Crim. Law., 732.

The presentation of an empty gun at a distance of sixty yards could not evidence a premeditated design to effect the death of a person. It is not an attempt that could possibly result in murder.

If in the indictment it is alleged that the gun was loaded with powder and leaden bullets, it must be proven to have been so loaded, or the defendant must be acquitted. Bish. Crim. Procedure, note 652.

The gun must be so loaded as to be capable of doing mischief. Note 655.

The firing of the gun would prove that it was loaded, but would not prove that it was charged with leaden balls; that must be established by the result of the firing.

It might be proven by an examination of the gun whether it was, and with what it was loaded.

In the absence of proof that it was loaded as alleged, in law and in fact it was not loaded and incapable of doing mischief.

If the gun was presented and not fired, and there was no obstacle in the way, and the accused not hindered by any circumstances independent of himself, then there can be no criminal intent concurring in point of time with act.

An evil intent cannot be presumed, but must be proven.

Presumption of innocence is always with the prisoner as to intent, attempt and capability until rebutted by proof of guilt.

The intent to kill must be established as an inference of fact to the satisfaction of the jury, but they may draw that inference as they draw all other inferences, from any fact in the evidence which fairly prove its existence. Intentions can only be proved by acts.

IN THIS CASE

Did the accused have a gun? Yes.

Was it loaded with powder, balls? No.

Was it cocked and presented? No.

Did he fire the gun at the party alleged? No.

Was there any obstacle in the way? No.

Was he prevented from shooting by anybody? No.

How can the intent to murder or the premeditated design be inferred from such a state of facts.

*The Attorney-General* for Defendant in Error.

MITCHELL, J.: The plaintiff in error was tried and convicted at the fall term of the Circuit Court, Suwannee county, 1887, for assault with intent to murder one Randall Farnell. The defendant moved for a new trial, which motion was overruled, and the case is now here upon writ of error from the order of the Circuit Court overruling said motion.

The only error assigned is that the court refused to grant a new trial.

The grounds of a motion for new trial are :

1st. The verdict is contrary to law.

2d. Contrary to charge of the court.

3d. The verdict is contrary to the evidence, and the weight of the evidence.

4th. The evidence is not sufficient to sustain the verdict.

There is nothing in the record to show what the charge of the Circuit Court was, and we understand that this ground of the motion is abandoned by the plaintiff in error.

The other grounds of the motion may be considered together.

The defendant was indicted under section 29, p. 354, McClellan's Digest, which is as follows: " Whoever assaults another with a deadly weapon, with a premeditated design to effect the death of the person assaulted, shall be deemed

guilty of an assault with intent to murder, and upon con-
viction shall be punished by imprisonment in the State pen-
itentiary not less than two years, and not more than seven,
or by fine of not less than five hundred dollars."

The indictment charges that on, &c., at, &c., the defend-
ant, with force and arms in and upon one Randall Farnell,
then and there being, an assault did make, and with a cer-
tain gun, a deadly weapon, then and there loaded and
charged with gun powder and leaden bullets, which said gun
the said Perry Davis, in his hands then and there had and
held, with a premeditated design to effect the death of him,
the said Randall Farnell, did then and there present the
said deadly weapon, to-wit: said gun at and against him,
said Randall Farnell, with intent him, said Randall Far-
nell, then and there to kill and murder.   *   *   *   "

To sustain the indictment the State introduced a number
of witnesses who testified as to the facts and circumstances
of said alleged assault, but we only deem it necessary to
give the substance of the evidence which tends to show that
prior to said alleged assault there had been bad blood be-
tween the defendant and Randall Farnell, growing out of a
prosecution instituted by Farnell against the defendant, ac-
cusing the defendant of poisoning his, Farnell's mare and
colt.   The case had been tried and the defendant acquitted.
Shortly after said trial a lot of geese belonging to said Far-
nell died, and it was supposed that they too had been pois-
oned.   The defendant and Farnell lived near each other and
the geese, supposed to have been poisoned, were in a lane
near the residences of said parties, and at the time of the
alleged assault by the defendant, a crowd of persons had
gathered around the dead geese and were making quite a
noise.   At this time the defendant was seen running from
his own house towards where the crowd was with a double
barreled shot gun in his hands, and when near the crowd—

some witnesses say in ten or fifteen yards, and others say in fifty yards—the defendant hallowed to the crowd and told them to get out of the way, that he intended to kill Farnell. The crowd scattered and the defendant presented his gun at Farnell, swearing that he would shoot him, but that defendant did not shoot, and that no one prevented his shooting. That defendant was near enough to have shot Farnell, and that there was nothing between the parties which prevented the shooting. The witnesses all testify that they did not know whether the gun was loaded or not, and in fact there is nothing to show that it was loaded. There is some little conflict in the evidence as to the minor details of the difficulty, but in the main the witnesses agree as to the facts stated above.

Now the question is, does this evidence establish the guilt of the defendant?

To warrant a conviction of assault with intent to murder, it was incumbent upon the State to prove every material allegation of the indictment—that is, the assault with a loaded gun—a deadly weapon, and that the assault was made with malice and from a premeditated design to effect the death of Randall Farnell. Does the evidence show these facts? To constitute the offense it was necessary to show that if the defendant had killed Randall Farnell, such killing would have been murder in the first degree under our statute, that is to say, that the killing would have been unlawful, and perpetrated from a premeditated design to effect the death of Farnell, or any human being. If all these facts were satisfactorily proved the defendant was guilty, but if they were not proved, the conviction was illegal. All the elements that enter into murder in the first degree are contained in an assault with intent to murder except the actual killing. In this case the defendant may have been actuated by malice, and it may be that he intended to kill Farnell,

but the evidence does not show it. There is nothing in the evidence that shows that the defendant, at the time of the difficulty, intended to kill Farnell, and where the intent was lacking there could be no assault with intent to murder, although an assault may have been made. To make out the charge it was necessary not only to show the assault but the intent also, as charged in the indictment, the intent being the very gist of the offense. The evidence shows most clearly that the defendant could have shot Farnell if he so desired, but as he did not shoot, this is the best evidence that he did not intend to do so. It was not incumbent upon the defendant to show that he did not intend to shoot Farnell, but it was the duty of the State to show, beyond all reasonable doubt, that the assault was made as charged, and that the defendant then intended to kill Farnell, otherwise the defendant was entitled to an acquittal upon the charge of assault with intent to murder.

A man's intentions are arrived at from his conduct, his actions, and applying this rule to the defendant and judging him by his actions when he had an opportunity to shoot Farnell and did not do so, the conclusion is that he did not intend to murder him..

In our judgment the defendant was entitled to a new trial.

The courts, in their discretion, are reluctant to interfere and set aside the verdict of juries, as to the facts, yet when the verdict of a jury is clearly against the evidence it is as much the duty of the court to set aside the verdict as it is to refuse a new trial when the verdict is fully sustained by the evidence.

The judgment is reversed, and the case will be remanded for a new trial.