183 So.2d 297 (1966)
Percy Lee THOMAS, Appellant,
v.
The STATE of Florida, Appellee.
No. 65-578.
District Court of Appeal of Florida. Third District.
February 22, 1966.
*298 Robert L. Koeppel, Public Defender, and Phillip A. Hubbart, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and James T. Carlisle, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and CARROLL and SWANN, JJ.
PER CURIAM.
The appellant, Percy Lee Thomas, [defendant below], appeals from a judgment entered after a non-jury trial in which he was convicted of assault with intent to commit robbery.
The essential facts on appeal are that about 8:00 P.M. one evening Mr. Ray Lawson, a man in his late seventies, settled down in the living room of his residence to read the evening paper. Mr. Lawson's housekeeper heard a noise at the door and opened it, thinking it was a girlfriend that she was expecting for a visit. The defendant Thomas was standing outside, wearing a black handkerchief about his face, a turban on his head, and black gloves. The housekeeper asked, "What do you want?", and the defendant said, "Shut up. Keep quiet.", and followed her into the living room. The defendant said several times to Lawson, "I want money. I want money. I have seen you before. You don't know me. I have seen you before." The defendant remained in the house from five to ten minutes and the housekeeper testified that there was no weapon of any kind in the defendant's hands. At one point, Mr. Lawson unsuccessfully attempted to strike the defendant, but was shoved away by him. Aside from this, there was no roughness by the defendant while in the house, and Mr. Lawson remained seated most of the time.
Both Mr. Lawson and his housekeeper testified that they were not frightened of the defendant at any time and that they had the situation well under control. When the housekeeper tried to run outside, the defendant said, "You come here. I have two friends out there." Mr. Lawson's granddaughter ran upstairs to call the police, and the defendant finally ran out of the house, after being told repeatedly by everyone to leave. When the police apprehended the defendant a short time thereafter, a knife *299 was found on his person. He was then returned to the Lawson home and identified as the intruder. The following day the defendant told the police substantially the above stated facts.
Defense counsel's oral motion for a directed verdict at the close of the State's case and at the close of all evidence was denied, as was a motion for new trial. The defendant was convicted and sentenced to ten years in the State penitentiary and this appeal followed.
The defendant Thomas contends that there is a fatal variance between the information which charges an assault with intent to commit robbery by force and violence with a knife, and putting the victim in fear, and the proof which did not establish that the crime charged was committed "with a knife" and by putting the victim, Lawson, "in fear"; and that the State failed to establish a prima facie case of assault with intent to commit robbery because there was no evidence that the defendant intended to rob the victim when he committed the assault and battery upon him.
The defendant Thomas concedes, however, that the proof does establish that he committed a trespass on Lawson's property and that he committed an assault and battery on Lawson.
In arriving at a determination of whether it is necessary to prove the "use of a knife" as an essential element of the charge of assault with intent to commit robbery, we are governed by the case of Nelson v. State, Fla.App. 1963, 157 So.2d 96. There the defendant was charged and convicted of an assault with intent to commit robbery by the "use of a gun" and by putting the victim in fear. The evidence there failed to show a display of the pistol or an expressed threat to Willie Mae Ferguson, the victim. On appeal, it was contended that there was a fatal variance between the information and the evidence. This court, in affirming, said:
* * * * * *
"* * * Since the use of the gun was not an essential element of the crime of assault with the intent to commit robbery, the allegation that the appellant used the weapon in his attempt was not necessary to the information. § 906.24, Fla. Stat., F.S.A. The failure to prove it therefore does not require reversal of a conviction resulting therefrom where a review of the record fails to suggest that the appellant was in any way misled or failed to secure a fair trial because of the inclusion of the allegation that he used the gun which he in fact had, but did not display until later. § 906.25, Fla. Stat., F.S.A."
* * * * * *
If the "use of the gun" was not an essential element of the crime of assault with intent to commit robbery in Nelson, supra, how can it be said that the words "with a knife" are essential to the charge of assault to commit robbery in the instant case.
A review of the record fails to show that the defendant was in any way misled or failed to secure a fair trial by the inclusion of the allegation that the crime was committed "with a knife." On the authority of Nelson, supra, we do not find a fatal variance.
The defendant Thomas next contends that there is a fatal variance between the information and the evidence, since no one in the instant cause testified directly that they were "in fear of the defendant," as alleged in the information. The State contends that Nelson v. State, supra, is controlling as to this contention. We do not believe that Nelson, supra, stands for the proposition advanced by the State.
The matter is governed by Montsdoca v. State, 1922, 84 Fla. 82, 93 So. 157, 27 A.L.R. 1291, wherein the Supreme Court held that there are several alternative ingredients to the crime of robbery. There the *300 indictment charged that Montsdoca "by force, violence or assault and putting in fear, unlawfully and feloniously did then and there rob, steal * * *." The court said:
* * * * * *
"* * * If property the subject of larceny is unlawfully taken from another either by force or violence or by assault or by putting in fear, the offense denounced by the statute is committed. The indictment charges these alternative ingredients of the offense conjunctively, and the charge should be sustained if either alternative ingredient is proven. (Citations omitted)."
* * * * * *
It is admitted herein that there was conclusive proof of an assault with force and violence on Lawson. The indictment charged the alternative ingredients of the offense conjunctively and should be sustained, although there was no direct testimony of fear.
In 46 Am.Jur. Robbery § 14 at 145, it is stated that in robbery "the manner of taking is alternative; if force and violence is used, fear is not an essential ingredient."
Even though the victim herein testified that he was never in fear we do not perceive that this is the effective rule. It seems to us that the proper rule is that if the circumstances attendant to the robbery were such as to ordinarily induce fear in the mind of a reasonable man, then the victim may be found to be in fear, and actual fear need not be strictly and precisely shown. See 46 Am.Jur. Robbery § 16, at 146.
We have examined defendant's claim that the State failed to prove a prima facie case because there was no evidence that the defendant intended to rob the victim. The defendant, in support of this argument, asserts that the evidence could be construed to prove that the defendant was begging for money or was mentally deranged.
It is this court's belief that when a masked stranger forces himself into a private residence at night; repeats several times a demand for money, and assaults one of the occupants, that the trier of facts could correctly infer that there was an intent to commit robbery.
The decision is therefore
Affirmed.