214 So.2d 887 (1968)
Wayne ALBRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 68-53.
District Court of Appeal of Florida. Second District.
October 11, 1968.
Rehearing Denied November 13, 1968.
Robert E. Pyle, and Edmund & McDaniel, Lake Alfred, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and William D. Roth, Asst. Atty. Gen., Lakeland, for appellee.
HOBSON, Judge.
The appellant appeals a judgment and sentence entered upon a finding of guilty of the offense of aggravated assault.
Appellant's main contention is that in order to find one guilty of an assault there must be an actual attempt to carry out the intent to inflict injury upon another. In support of this contention appellant cites Bailey v. State, 1918, 76 Fla. 230, 79 So. 639. The Bailey case cites as authority for its holding the case of Davis v. State, 25 Fla. 272, 5 So. 803 (Fla. 1889).
In Davis, supra, the defendant was convicted of assault with intent to kill and in *888 Bailey, supra, the defendant was convicted of assault with intent to commit manslaughter.
The appellant herein was convicted of aggravated assault, which is an assault with a deadly weapon without intent to kill. Fla. Stat. 784.04, F.S.A.
In Davis, supra, it was held:
"To make out the charge it was necessary not only to show the assault, but the intent also, as charged in the indictment; the intent being the very gist of the offense. The evidence shows most clearly that the defendant could have shot Farnell if he so desired, but, as he did not shoot, this is the best evidence that he did not intend to do so. * * * A man's intentions are arrived at from his conduct,  his action,  and applying this rule to the defendant, and judging him by his actions, when he had an opportunity to shoot Farnell and did not do so, the conclusion is that he did not intend to murder him."
Also, in Bailey it was necessary to show in addition to the assault the intent to commit manslaughter.
The law as laid down in both Davis and Bailey is to the effect that when it is necessary not only to show an assault but also to show an intent to kill or commit manslaughter that an attempt must be shown in order to prove the intent to kill or commit manslaughter.
This intent is not necessary to prove in order to convict a person of the crime of aggravated assault. Black defines "assault" as:
"An intentional, unlawful offer of corporal injury to another by force, or force unlawfully directed toward person of another, under such circumstances as create well-founded fear of imminent peril, coupled with apparent present ability to execute attempt, if not prevented." (emphasis ours)
We hold that in order to sustain a conviction of aggravated assault it is not necessary for the state to prove an actual attempt to carry out the assault with a deadly weapon but that it is sufficient to prove a bare assault upon another with a deadly weapon.
The appellant's other points on appeal have been carefully considered and found to be without merit.
Affirmed.
PIERCE, Acting C.J., and MANN, J., concur.