292 So.2d 594 (1974)
John BATTLE, Appellant,
v.
STATE of Florida, Appellee.
No. 73-431.
District Court of Appeal of Florida, Second District.
April 10, 1974.
*595 Morris W. Milton of Minnis, Williams & Milton, St. Petersburg, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee and Baya Harrison, III, Asst. Atty. Gen., Tampa, for appellee.
NANCE, L. CLAYTON, Associate Judge.
Defendant-Appellant was convicted by a Jury of Aggravated Assault upon a school teacher by fracturing his skull with one blow, using a hard wooden paddle as a deadly weapon.
Appellant cites as error, denial of a directed verdict on the grounds that the State failed to prove a material element of the offense, i.e., "a well founded fear" of violence or imminent peril on the part of the victim, who Appellant asserts to have been taken without warning, and by surprise. Appellant insists that such a requirement arises from the common law, since the offense of Aggravated Assault is purely statutory in Florida, F.S.A. § 784.04, and unknown in the common law. Wharton, Criminal Law and Procedure, § 332; Black's Law Dictionary; Florida Standard Jury Instructions in Criminal Cases, 2.05; 125 A.L.R. 602; Motley v. State (Fla. 1945) 155 Fla. 545, 20 So.2d 798; Albright v. State (Fla. 2nd D.C.A. 1968) 214 So.2d 887; Bass v. State (Fla. 1st D.C.A. 1970) 232 So.2d 25; Munday v. State (Fla. 3rd D.C.A. 1971) 254 So.2d 33; Wilson v. State (Fla. 4 D.C.A. 1972) 265 So.2d 411; State v. Wilson, Fla., 276 So.2d 45.
This point should be laid to rest, and we believe the Court did so on two occasions. Nelson v. State, 157 So.2d 96 (3 D.C.A. Fla. 1963), cert. denied (Fla. 1964) 165 So.2d 178; McCullers v. State (4 D.C.A.Fla. 1968) 206 So.2d 30, cert. denied (Fla. 1968) 210 So.2d 868.
Succinctly stated in McCullers, supra:
"A criminal assault may be made upon a person even though he had no knowledge of the fact at the time. Perkins Criminal Law, 88-89 (1957), see cases cited at n. 62. It should be noted that herein lies the distinction between assault as a crime and assault as a tort. If the intended victim is unaware of the attempt, he has suffered no harm and is not entitled to compensation for the tort committed against him. Restatement, Torts 2d, § 22. However, a criminal assault is an offense against the peace and dignity of the state as well as an invasion of private rights.
At common law there were no degrees of the offense of assault and the term `aggravated assault' had no technical or definite meaning. Certain assaults, however, are committed under such circumstances or are so dangerous that the legislature has seen fit to set them apart as the more serious offense of aggravated assault. An aggravated assault differs from a simple assault on the basis that *596 there is added one additional element  with a deadly weapon.
An aggravated assault as defined by the above statute requires a general intent and not a specific criminal intent. 1 Wharton, Criminal Law and Procedure at 716. The gist of the crime is found in the character of the weapon with which the assault is made. The use of a deadly weapon must be charged and proved. It is the nature of the weapon that characterizes the assault as `aggravated.' Lindsey v. State, 1914, 67 Fla. 111, 64 So. 501; Knight v. State, 1902, 44 Fla. 94, 32 So. 110". (206 So.2d at 33)
If the law were otherwise, would-be "assassins", "bushwhackers", and "back-stabbers", could act with impunity upon failure or partial success in their nefarious efforts.
Secondarily, the Appellant asserts as reversible error, the trial court's "deviating from the Standard Jury Instructions", by including in his instructions the following additional instruction:
"Every battery includes an assault".
No objection to the jury instruction was made or interposed by defense counsel during any part of the trial. The instruction is technically correct under the law and the facts of the case sub judice. Nelson v. State, supra.
The Florida Supreme Court, in Order and Opinion, # 39,673, effective May 27, 1970, approved the use of the Standard Instructions in jury cases. In the opinion the Court recognized the responsibility of the trial judge to correctly charge the jury in each case as it comes before him. In the case, sub judice, the trial judge correctly followed the Standard Jury Instructions. He did not modify, change, correct, find them inadequate, or incorrect. He gave an additional appropriate, necessary and correct instruction under the law and facts of the case. The trial judge could submit the instructions to the Director of Continuing Education of the Florida Bar, and to the Supreme Court Committee on Standard Jury Instructions in Criminal Cases for consideration for improvement of the Standard Instructions, or for use in appropriate cases, but failure to note the inclusion in the record with reasons, or failure to refer the instruction, cannot and does not constitute error, harmful or otherwise.
We have examined the record and transcript, and find the evidence ample and sufficient to support the conviction. There is no error.
MANN, C.J., and GRIMES, J., concur.