HOWELL, CHARLES COOK, Jr., Associate Judge.
In defending against this appeal taken by Gregory Edward White from the judgment convicting him of the crime of aggravated assault, the State has escaped Scylla, only to be engulfed by Charybdis.
*144 The jury was not (as White is here contending they should have been) instructed on the lesser included offenses under that of aggravated assault; but both parties below “agreed that the jury not be instructed on any lesser included offenses of the charge .... Neither side objected to the Court’s not giving instructions on lesser included offenses”'— consequently White “has no standing to raise the failure of the trial judge to instruct on lesser included offenses.” Williams v. State, Fla., 1973, 285 So.2d 13, 17. Rule 6.7, subd. g., Florida Appellate Rules, provides that “for all purposes for which an exception has ever been necessary, it is sufficient that a party, at the time that the charge of the court is made, or sought, makes known to the court the action which he desires the court '.o take, or his . . . objection to the action of the court and his grounds therefor”; and Williams, construing (p. 17) this rule, explains that it “does not eliminate the requirement that a party’s objection be made known to the trial court.” In accord, and citing Williams, is Rayner v. State, Fla.App. 2, 1973, 286 So. 2d 604, 605.
However, when the definition of aggravated assault was read to the jury in charge, they were not told, as comprehended by the precise language of the Standard Jury Instructions in Criminal Cases, # 2.-05,[1] that one of the elements of an assault is “doing some act which creates a well-founded fear of violence being done.” White was entitled to such an instruction; both on the evidence, which tended to show that his victim was never placed in fear[2] prior to being struck by the bottle in question, and on the law,[3] which has consistently been to the point that “ ‘an assault is any unlawful offer or attempt to injure another with apparent present ability to effectuate the attempt under circumstances creating a fear of imminent peril.” Motley v. State, 1945, 155 Fla. 545, 549, 20 So.2d 798, 800 [5-6]; Bass v. State, Fla.App. 1, 1970, 232 So.2d 25, 27 [1]; and Albright v. State, Fla.App 2, 1968, 214 So.2d 887, 888 [1].
*145 White appropriately attacked the instru tion as given by objection at the trial, by motion for a new trial, and by assignment of error; and so it is, therefore, that this case must be, and is, for a new trial,
Reversed.
JOHNSON, J., concurs.
RAWLS, C. J., concurs in judgment.

. “The standard instruction to the jury was the culmination of extensive work by the Supreme Court Committee on Standard Jury Instructions in Criminal Cases, which Committee was composed of many very able jurists and trial attorneys. Any substantial deviation from use of these instructions will almost always end in error on the part of the trial court.” Bryan v. State, Fla.App. 1, 1972, 271 So.2d 197, 199.

. “Q Did you actually see this object that hit you coming through the air and hit you?
“A No, sir.
“Q You just felt it hit you and heard it hit you?
“A Yes, sir.

“Q Did you see the person who threw the bottle at you?
“A No, sir.”

. The State in its brief argues, not unimpres-sively, that the “well-founded fear of . violence being done” language in a charge on aggravated assault “is a stupid requirement and one which must be rejected, out of hand, as meaningless” — and as operating to “reward the stealthy assailant and punish the straightforward one who literally telegraphs the aggravated assault lie is going to make.” But entirely brushing aside our own definition in Bass and that of the Second District Court of Appeal in Albright, what of the Supreme Court’s leading case of Motley? “A District Court of Appeal does not have the authority to overrule a decision of the Supreme Court of Florida”, Hoffman v. Jones, Fla., 1973, 280 So.2d 431, 440 [15]. There is necessity and reason for this; and the District Courts of Appeal should not be thought of in the same breath as the gallant troops of England concerning whom Tennyson wrote in his Charge of the Light Brigade, “Theirs not to make reply, theirs not to reason why, theirs but to do and die” — since the subjective realization on the part of the victim that he is being outraged is an easily understood ingredient of some of the “aggravation” going to make up an “aggravated” assault. Besides, for those who do strike from darkness, posts of concealment, or positions of non-detection, in contradistinction to frontally, our Legislature, in instances wherein “great bodily harm, permanent disability, or permanent disfigurement” results, has created the statutory crime of aggravated battery which, alike with aggravated assault, is “a felony of the third degree.” Sec. 784.045, FSA.