324 So.2d 630 (1975)
STATE of Florida, Petitioner,
v.
Gregory Edward WHITE, Respondent.
No. 46289.
Supreme Court of Florida.
September 10, 1975.
Rehearing Denied January 19, 1976.
Robert L. Shevin, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for petitioner.
David Roth and Larry Klein, Cone, Wagner, Nugent, Johnson & McKeown, West Palm Beach, for respondent.
*631 ENGLAND, Justice.
By writ of certiorari, we are asked to review a decision of the First District Court of Appeal, reported at 299 So.2d 143, which alleges conflicts with other district court decisions. We tentatively agreed that there is direct conflict with Battle v. State, 292 So.2d 594 (2d DCA Fla. 1974), and with McCullers v. State, 206 So.2d 30 (4th DCA Fla.), cert. denied, 210 So.2d 868 (Fla. 1968), and we have taken the case under consideration on the basis of briefs alone. Our full review persuades us that the conflict is direct, and that we have jurisdiction under Article V, Section 3(b)(3) of the Florida Constitution.
The simple issue before us is whether the crime of aggravated assault includes as one of its elements the victim's well-founded fear that violence is imminent. The district court below said that such a fear must be proved, citing language to that effect in Criminal Standard Jury Instruction No. 2.05 as adopted by this Court in 1970. In contrast to this view, the district courts in Battle and McCullers held that criminal assault, unlike the tort of assault, does not require an awareness by the victim of imminent peril.
At the time of trial in this case, the elements of an "assault" were not expressed in any statute.[1] The elements had been stated by this Court, however, in Motley v. State, 155 Fla. 545, 20 So.2d 798 (1945), where assault was defined as a wrongful action creating a fear of imminent bodily harm coupled with an apparent present ability to inflict injury. This definition has been followed by several district courts of this state,[2] and it was repeated with approval by this Court as recently as 1973.[3]
The State argues for a definition of assault which does not include victim awareness, on the ground that "bushwhackers" and "backstabbers" would escape punishment if they were unsuccessful in their attempt to inflict injury.[4] The Legislature did not intend to allow such acts to go unpunished, however. The general "attempt" statute will reach those situations.[5]
The decision of the First District Court of Appeal was correct and it is affirmed.[6]
ROBERTS, BOYD and OVERTON, JJ., concur.
ADKINS, C.J., dissents.
On consideration of the Petition for Rehearing filed by petitioner,
It is ordered that said petition is denied.
BOYD, OVERTON, ENGLAND and HATCHETT, JJ., concur.
ADKINS, C.J., dissents with opinion.
ROBERTS, J., dissents and concurs with ADKINS, C.J.
ADKINS, Chief Justice (dissenting):
In my opinion the petition for rehearing should be granted and the decision of the *632 District Court granting a new trial should be quashed.
The undisputed facts in this case are that the defendant Gregory Edward White threw a gallon Coca-Cola jug and struck the victim, a police officer, in the back of the head or neck without the victim's prior knowledge. In my opinion on these facts the defendant clearly assaulted the victim in an aggravated fashion with a deadly weapon.
The majority effectively attaches an additional element to the crime of aggravated assault; i.e., the requirement of actual knowledge or fear on the part of the victim that he was about to suffer such an assault. This requirement is a holdover from the days of tort actions for battery. In tort law, in order to secure damages for other than physical injury, a plaintiff has to prove that he was actually put in fear that an assault was going to be committed upon him. The criminal law, however, only requires that the nature of the assault must be such as would create a well-founded fear of the aggressor in the mind of the victim. It is not necessary that the victim have actual knowledge of the assault. Neither did the decisions under the English common law give nor did the Legislature of Florida ever intend to give a "bushwacker" or "backstabber" immunity from criminal assault as the majority concludes. Consequently, I would adhere to the decisions in Battle v. State, 292 So.2d 594 (Fla.App.2d 1974); McCullers v. State, 206 So.2d 30 (Fla.App.4th 1968), cert. denied, 210 So.2d 868 (Fla. 1968); Nelson v. State, 157 So.2d 96 (Fla.App.3d 1963), cert. denied, 165 So.2d 178 (Fla. 1964, and Clark v. State, 318 So.2d 487 (Fla.App.4th 1975), insofar as it applies to the crime of assault prior to statutory definition thereof by the Legislature.
As pointed out by the majority the elements of assault were not expressed in any statute at the time of trial in this case. Although not affecting the outcome of this case, the Legislature amended the criminal code effective July 1, 1975, and in so doing defined the crime of assault to include as an element thereof "some act which creates a well-founded fear in such other person that such violence is imminent." Fla. Stat. § 784.011(1) (Supp. 1974). In my opinion the new statutory definition does not change the elements of the crime; i.e., an assault must be of such character or nature that it would create a well-founded fear in the victim that violence to him is imminent, but it remains unnecessary to prove that the victim had actual knowledge or fear of the impending assault. This construction does no violence to the new statute and is in apparent conformity with the intent of the Legislature.
For the reasons stated, I would quash the decision of the District Court.
ROBERTS, J., concurs.
NOTES
[1] 784.04, Fla. Stat. (1973), defined aggravated assault as assault with the additional element of a deadly weapon. Section 784.02, Fla. Stat. (1973), did not define any of the elements of the crime of "assault". The Legislature has redefined the crime of assault, effective July 1, 1975, as follows: "An `assault' is an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." Section 784.011(1), Fla. Stat. (Supp. 1974).
[2] See e.g., Munday v. State, 254 So.2d 33 (3d DCA Fla. 1971); Bass v. State, 232 So.2d 25 (1st DCA 1970), and Albright v. State, 214 So.2d 887 (2d DCA Fla. 1968).
[3] State v. Wilson, 276 So.2d 45 (Fla. 1973).
[4] The crimes of battery and aggravated battery cover those situations where actual injury is inflicted.
[5] Section 777.04, Fla. Stat. (Supp. 1974). The penalties for attempted assault and assault itself are identical. Sections 777.04(4) (e) and 784.011(2), Fla. Stat. (Supp. 1974).
[6] We disapprove the conflicting Battle and McCullers decisions on this point, as well as the conflicting decision in Nelson v. State, 157 So.2d 96 (3d DCA Fla. 1963), cert. denied, 165 So.2d 178 (Fla. 1964).