318 So.2d 487 (1975)
Melvin T. CLARK, Appellant,
v.
STATE of Florida, Appellee.
No. 74-1143.
District Court of Appeal of Florida, Fourth District.
September 12, 1975.
Richard L. Jorandby, Public Defender, and David E. Horvath, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and C. Marie Bernard, Asst. Atty. Gen., West Palm Beach, for appellee.
OWEN, Judge.
Defendant appeals from his conviction of aggravated assault. We affirm because no reversible error has been shown. However, we do take this opportunity to discuss appellant's first point, that fear on the part of the victim (which the State failed to prove) is an essential element of the offense for which he was convicted.
Appellant recognizes that the Second, Third, and Fourth District Courts of Appeal have all determined that putting the victim in fear is not a necessary element of criminal assault, Battle v. State, 292 So.2d 594 (2nd DCA Fla. 1974); Nelson v. State, 157 So.2d 96 (3rd DCA Fla. 1963), and McCullers v. State, 206 So.2d 30 (4th DCA Fla. 1968). However, he urges us to reconsider this position and to align ourselves with the First District Court of Appeal which held, in White v. State, 299 So.2d 143 *488 (1st DCA Fla. 1974), that fear is a necessary element of such offense. We decline to follow White and reaffirm our position in McCullers for the reasons hereinafter set forth.
In McCullers v. State, supra, 206 So.2d at 33, we made a point of distinguishing between assault as a tort and assault as a crime:
"The definition of assault as a tort and assault as a crime is quite different. We find the tort of assault defined as any intentional unlawful offer of corporal injury to another by force, or force unlawfully directed toward the person of another under such circumstances as to create a well founded fear of imminent peril coupled with the apparent present ability to effectuate the attempt if not prevented. Winn & Lovett Grocery Co. v. Archer, 1936, 126 Fla. 308, 171 So. 214. The Florida Supreme Court has defined the crime of assault as an intentional attempt by violence to do injury to the person of another. Bailey v. State, 1918, 76 Fla. 230, 79 So. 639.
* * * * * *
"A criminal assault may be made upon a person even though he had no knowledge of the fact at the time. Perkins Criminal Law, 88-89 (1957), see cases cited at n. 62. It should be noted that herein lies the distinction between assault as a crime and assault as a tort. If the intended victim is unaware of the attempt, he has suffered no harm and is not entitled to compensation for the tort committed against him. Restatement, Torts 2d, § 22. However, a criminal assault is an offense against the peace and dignity of the state as well as an invasion of private rights." [emphasis supplied]
We relied in McCullers upon a definition of the crime of assault enunciated by the Supreme Court in Bailey v. State, supra, which definition omitted any reference to the victim's fear of imminent peril.
In deciding White v. State, however, the First District announced that it was bound by a later definition of assault emanating from our Supreme Court in the case of Motley v. State, 155 Fla. 545, 20 So.2d 798 (1945). In Motley the Supreme Court had been called upon to determine the sufficiency of a jury instruction on self-defense. The trial court had charged the jury:
"... if you should find in this case that the defendant was assaulted by the [complaining] witness..., and that he used only such force as was necessary or as was reasonable ..., then he is justified in using such force as was necessary to repel the assault, even to the extent of taking human life."
After so charging the jury, the court was requested by defendant's attorney to instruct as to the legal meaning of assault. The trial judge complied and instructed that:
"Assault ... is an intentional act of one person to do an injury to another."
On appeal, defendant urged that this charge "was erroneous and misleading in that it limited the right of self-defense to a case where appellant was assaulted; that it deprived him of the right where there was belief of imminent danger of great bodily harm". The Supreme Court agreed that the charge wholly ignored that part of the justifiable homicide statute relative to imminent danger of great personal injury, and that the error was not cured by the trial court's definition of assault
"... as [that] definition left the erroneous impression that an assault was committed merely by the breach of a person's right. See 6 C.J.S. Assault and Battery § 4, page 796: `An assault is an unlawful offer or attempt to injure another with apparent present ability to effectuate the attempt under circumstances creating a fear of imminent peril.'"
*489 It is apparent that within the context of the issues presented in the Motley case, assault as a tort and not assault as a crime was there being defined. This conclusion is verified by referring to the cited section of C.J.S. which falls within that subdivision of the "Assault and Battery" article, entitled "Civil Liability". In subdivision II, entitled "Criminal Responsibility", criminal assault is defined, consistent with the definition in Bailey v. State, supra, as simply "an unlawful attempt, coupled with the present ability, to commit a violent injury on the person of another," 6 C.J.S. Assault and Battery § 57, at 913 (1937), and the suggestion that putting in fear is a necessary element of the criminal offense is expressly disavowed. Id., § 66. We conclude, therefore that the First District Court of Appeal's reliance upon the Supreme Court's definition of assault in Motley is misplaced and we adhere to our previous resolution of the issue herein presented: putting in fear is not a necessary element of the criminal offense of assault or aggravated assault.[1]
We recognize that our holding is in direct conflict with the Florida Standard Jury Instructions on assault,[2] and that the Legislature has now adopted a nearly verbatim definition of assault. Fla. Stat. § 784.011 (Supp. 1974).[3] This statute, with an effective date of July 1, 1975,[4] has no bearing upon the instant case; and while the Standard Jury Instruction may now, by virtue of the recent legislative action, be consistent with the law, we do not believe that it was so prior to July 1, 1975, when this defendant was tried and convicted.
Affirmed.
CROSS and MAGER, JJ., concur.
NOTES
[1] In support of its contrary conclusion in White, supra, the First District Court of Appeal postulated, 299 So.2d at 144, note 3, that "the subjective realization on the part of the victim that he is being outraged is an easily understood ingredient of some of the `aggravation' going to make up an `aggravated' assault." This position is untenable, however, as even Motley purported to define only simple, and not aggravated, assault. Moreover, it is well settled that the difference between simple and aggravated assault is merely the presence of one additional element  with a deadly weapon. Goswick v. State, 143 So.2d 817 (Fla. 1962); Colainni v. State, 245 So.2d 893 (2nd DCA Fla. 1971); McCullers v. State, supra. Hence, if fear were an element of aggravated assault, it would also have to be an element of simple assault, and thus it would bear no relation to the element of "aggravation".
[2] The Standard Jury Instruction on Bare Assault (1970), for example, reads as follows:

"It is a crime to make a bare assault upon another.
"A bare assault is an intentional, unlawful threat by word or act to do violence to the person of another coupled with an apparent ability to do so, and doing some act which creates a well-founded fear of such violence being done."
[3] Fla. Stat. § 784.011(1) (Supp. 1974) provides:

"(1) An "assault" is an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent."
[4] Hopefully, at its next session the Legislature will see fit to eliminate from Fla. Stat. § 784.011 the requirement that the victim be put in fear of an imminent peril.