PER CURIAM.
Eduardo Martinez appeals his conviction and sentence for aggravated assault with a firearm[1] and carrying a concealed firearm.[2] We affirm the convictions but reverse. the sentence.
Viewing the testimony in the light most favorable to the state, we find the following: The victim of the alleged assault, one Eric Kusmierz, first encountered the appellant when both men were driving their vehicles in the vicinity of Buffalo Avenue in Tampa. After some sort of confrontation Kusmierz became “aggravated” with Martinez and “shot him a bird.” Having reached his destination, Kusmierz sat in his car waiting for the rain to slacken, then exited. Martinez approached speaking excitedly in a language Kusmierz assumed was Spanish. Kusmierz, apparently believing a fight was inevitable, started walking in Martinez’s direction, whereupon the latter pulled a pistol from inside his shirt, waved it about, and pointed it in the direction of Kusmierz’s stomach. Kusmierz testified that he believed he was about to be shot. Most of this encounter was witnessed by an off-duty highway patrolman, who arrested Martinez after tensions had defused.
On appeal Martinez argues that an assault was not proved because (1) the state failed to prove that he possessed the requisite specific intent; State v. Shorette, 404 So.2d 816 (Fla. 2d DCA 1981); and (2) *1280 that Kusmierz lacked a well-founded fear of imminent harm; State v. White, 324 So.2d 630 (Fla.1975). We disagree on both counts. Much of this argument is bolstered by references to the appellant’s own testimony, which painted rather a different picture than that of Kusmierz, and which the jury was free to reject. Martinez also claims that since Kusmierz did not understand what he was saying, “if he was being threatened he did not know it.” However, a threat need not be accompanied by intelligible words in order to be adequately conveyed and understood; the appellant’s actions, as described by Kusmierz, would be sufficient.
Following the jury verdict the court imposed a sentence of three years in prison (minimum mandatory) followed by two years community control. The guidelines recommended “any non-state prison sanction.” Martinez concedes that Florida Rule of Criminal Procedure 3.701(d)(9) necessitates imposition of the prison sentence because of the use of a firearm in the commission of one of the offenses. Prentice v. State, 469 So.2d 798 (Fla. 2d DCA 1985). The consecutive community control provision, however, represents a guideline departure. Since written reasons were not provided to support such a departure, this case must be remanded for resentencing within the guideline range. State v. Van Kooten, 522 So.2d 830 (Fla.1988); Pope v. State, 561 So.2d 554 (Fla.1990).
Affirmed in part, reversed in part, and remanded with directions.
RYDER, A.C.J., and DANAHY and FRANK, JJ., concur.

. § 790.01, Fla.Stat. (1987).

. § 784.021, Fla.Stat. (1987).