## ARENA v STATE OF FLORIDA and CORCORAN v STATE OF FLORIDA

Case Nos. 89-0078 AC A02 and 89-0083 AC A02 (Lower Court
Case Nos. 89-8777 MM A04 and 89-08472 MM A04

Fifteenth Judicial Circuit, Palm Beach County

January 3, 1991

### APPEARANCES OF COUNSEL

**A. Thomas Connick, Esquire,** for appellant, John Arena.

**Lawrence Corcoran,** pro se.

**David H. Bludworth,** State Attorney, and **Robert S. Jaegers,** Assistant State Attorney, for appellee.

Before CARLISLE, MOUNTS, WENNET, JJ.

### OPINION OF THE COURT

CARLISLE, J.

The sole issue presented by this case is whether the appellants were prejudiced because the trial court did not instruct the jury that an element of the offense of obstructing an officer in the performance of

his duty is that the defendants had to have acted knowingly and intentionally. Defendants were charged with obstructing justice in connection with a demonstration held at an abortion clinic. The information alleged that they had knowingly and intentionally obstructed justice. Florida Statutes 843.02 provides:

"Whoever shall resist, obstruct, or oppose any officer . . . in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree,. . ." There are only three elements to resisting an officer without violence:

(1) defendant resisted the officer;

(2) at the time the officer was engaged in the

execution of a legal duty; and

(3) that at the time he was an officer. There is no requirement that the defendant act knowingly and intentionally *(Standard Jury Instructions)*.

The State's theory of prosecution is that the police officers were attempting to arrest three people who blocked the entrance to the clinic and the defendants obstructed by sitting or lying on the ground between those three persons and the police officers. The State presented evidence that announcements were made requesting these persons to get out of the way.

The defendants testified they did not know the police were trying to remove the people from the doorway. They testified they did not hear the announcements or they were away when the announcements were made.

At the charge conference the Court noted that knowingly and intentionally was not an element of the crime and indicated it would not instruct in that regard. Appellants objected.

The appellants' argument to the jury was that they did not know they were obstructing or opposing the officers in the performance of a duty, and that if they had been told of the officers' purpose they would have moved. Defense counsel called the jury's attention to the question he posted to every one of the appellants:

"I ask the final question, 'If the police—if they had told you that they wanted to arrest the three people in the doorway, but you were going to be able to continue to protest, would you have had any problem with that?' They all said no."

· · · · · · ·

69

"Now, that does not show a knowing or intentional obstruction or opposition to the police in arresting these people in the doorway . . ." 9R. 467) In addition, the Information was furnished to the jury.

It is fundamental that allegations in an Information that are unnecessary are merely surplusage and failure to prove them is not a fatal variance in the absence of showing that the defendant was misled or failed to secure a fair trial because of the surplusage. *Nelson v State,* 157 So.2d 96 (Fla. 3d DCA 1963); *Thomas v State,* 183 So.2d 197 (Fla. 3d DCA 1966).

Here the defendants were not misled nor denied a fair trial because of the surplusage. To the contrary, they seized the surplusage as a drowning man grasps a piece of wood. The entire defense was that the appellants were trying to keep the patients out of the clinic and did not know their presence was preventing the officers from removing the people from the doorway. The appellants had the benefit of the surplusage. They argued it to the jury, and the Information containing the surplusage was furnished to the jury. In short, the surplusage was a windfall and not a curse. Affirmed. WENNET and MOUNTS, JJ., concur.