698 So.2d 915 (1997)
L.R., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3665.
District Court of Appeal of Florida, Fourth District.
September 3, 1997.
Richard L. Jorandby, Public Defender, and Cherry Grant, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
L.R., a child, appeals her adjudication of guilt for aggravated assault. We reverse.
The record shows that Appellant's mother and the victim, Appellant's 26-year-old cousin, had located Appellant, a fourteen-year-old girl, approximately one month after she ran away from home. The victim and Appellant's mother forcibly restrained Appellant and returned her to her home. Once there, the victim and Appellant began fighting, and Appellant threatened the victim that she would kill her. Appellant then ran into the kitchen and picked up a steak knife. While Appellant was holding the steak knife, Appellant's mother stood between Appellant and *916 the victim, who stayed approximately ten feet away from each other. The victim testified that she did not feel threatened by Appellant and did not believe that Appellant would actually stab her. The victim also testified that she told Appellant, "Kill me. Stab me. Do it." The only indication of the victim's fear was her testimony that "perhaps" she was fearful of Appellant's actions.
Aggravated assault requires proof that the victim possessed a well-founded fear that violence was imminent. See § 784.011(1), Fla. Stat. (1995); State v. White, 324 So.2d 630 (Fla.1975). Where the victim testifies, the victim's subjective perception of fear, so long as it is determined to be well-founded, is sufficient to prove the element of fear. See, e.g., Gibbs v. State, 623 So.2d 551 (Fla. 4th DCA 1993); Martinez v. State, 561 So.2d 1279 (Fla. 2d DCA 1990); Blanton v. State, 388 So.2d 1271 (Fla. 4th DCA 1980).
The State relied solely on the victim's testimony to establish the victim's fear of imminent harm. Taking the evidence in the light most favorable to the State, however, the record fails to show that the victim in this case was fearful of imminent harm from Appellant. The victim's testimony is inherently contradictory, equivocal, and irreconcilable. Even disregarding the inconsistency of the victim's testimony, this evidence shows not that the victim was fearful of imminent harm, but that, at the most, she might have been fearful. This evidence alone cannot prove that the victim had a well-founded fear of imminent harm. See § 784.011(1). Without such a showing, the State failed to present sufficient evidence upon which the factfinder could return a verdict of guilt for assault. See Gibbs, 623 So.2d at 551; Martinez, 561 So.2d at 1279. As such, the trial court erred in denying Appellant's motion for judgment of acquittal. See Toole v. State, 472 So.2d 1174 (Fla.1985).
We also find reversible error in the fact that the written consent signed by Appellant to be represented by a certified legal intern lists a law student different from the one who handled the trial. Rule 11-1.2(b) of the Rules Regulating the Florida Bar requires that a client indicate "in writing" the approval of a student's appearance on the client's behalf. Rule 11-1.2(e) requires that the written "consent and approval" be filed in the record of the case and brought to the attention of the presiding judge. Our reading of the rules is that the consent must refer by name to the student who actually handles the case. Here, the failure of the written consent to list the name of the certified legal intern who handled Appellant's trial violates these rules, and failure to follow these rules provides another reason for reversal.
Accordingly, we reverse Appellant's conviction for aggravated assault. Further, we caution the State in other cases to ensure that if a defendant consents to representation by a certified legal intern, a proper, signed consent waiver form accurately reflecting the certified legal intern's name appears in the record. All other issues raised on appeal are moot.
REVERSED.
DELL and GUNTHER, JJ., concur.
GROSS, J., concurs in part and dissents in part with opinion.
GROSS, Judge, concurring in part, dissenting in part.
I agree that the case must be reversed for failure to obtain a written consent. However, I believe that the evidence was sufficient to support a conviction for aggravated assault. The trial court had the advantage of observing the demeanor of the witnesses which may well have been crucial in a case such as this.