397 So.2d 1153 (1981)
Reginald BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 79-285.
District Court of Appeal of Florida, Fifth District.
April 1, 1981.
*1154 Michael J. Minerva, Public Defender, and Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Edwin H. Duff, III, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
This is an appeal from a judgment and sentence imposed upon appellant following a jury verdict of guilty of the crime of robbery. We affirm.
The evidence adduced at trial showed that appellant approached a bank teller and handed her a note on which was written, "this is a holdup!". When the teller asked appellant if he were serious, he replied, "yes, I'm serious, and if you love your family, you'll do as I tell you." Because appellant kept his hands under the counter and thus out of the sight of the teller, she could not determine whether he had a gun during the robbery. The teller testified at trial that she was not nervous and "wasn't upset at all" during the course of the robbery. A teller working next to the victim testified that the victim did not appear to be nervous, but rather acted so calmly during the robbery that she was not aware that the victim was being robbed.
Appellant confessed to writing the note, presenting it to the teller, and taking the money, but argues on appeal that his conviction should be reversed because the State failed to show an essential element of robbery, i.e., that the victim was placed in fear of death or great bodily harm.
Robbery is defined in section 812.13(1), Florida Statutes (1979) as "the taking of money or other property which may be the subject of larceny from the person or custody of another, by force, violence, assault, or putting in fear." (emphasis added). *1155 The fear contemplated by the statute is the fear of death or great bodily harm. Rolle v. State, 268 So.2d 541 (Fla. 3d DCA 1972). To sustain a conviction for robbery, it is not necessary to show that actual violence was used, nor is it required that the victim be placed in actual fear. Montsdoca v. State, 84 Fla. 82, 93 So. 157 (Fla. 1922). If the circumstances attendant to the robbery were such as to ordinarily induce fear in the mind of a reasonable person, then the victim may be found to be in fear for the purpose of the robbery statute, and actual fear need not be strictly and precisely shown. Flagler v. State, 189 So.2d 212 (Fla. 4th DCA 1966), affirmed 198 So.2d 313 (Fla. 1967); Thomas v. State, 183 So.2d 297 (Fla. 3d DCA 1966). This is so even where the victim specifically states that he was never in fear during the course of the robbery. Thomas, supra. The victim's statement that she was unafraid is therefore not controlling: the question is not whether the victim here actually feared appellant, but whether a jury could conclude that a reasonable person under like circumstances would be sufficiently threatened to accede to the robber's demands.
Appellant points to the fact that he was never shown to have carried a gun during the course of the robbery as evidence that the victim should not have been afraid of him. According to appellant, the absence of a gun during the robbery distinguishes this case from those cases in which victims, fearing for their safety, relinquished their money to robbers who carried a gun. Dupree v. State, 125 Fla. 58, 169 So. 600 (1936); Rolle v. State, supra; Solloa v. State, 227 So.2d 217 (Fla. 3d DCA 1969). Contrary to appellant's assertion, the facts of the case at hand, viewed objectively, clearly qualify as circumstances which would induce fear in the mind of a reasonable person. The expression "holdup," in its ordinary significance, means a forcible detention of the person held with the intent to commit robbery, and implies the necessary force to carry out that purpose. State v. Anderson, 53 Or. 479, 101 P. 198, 200 (1909). Appellant chose the words and the jury had a right to conclude that a person of average sensibilities would give the words that meaning. All of appellant's actions  the note declaring that a holdup was in progress, the statement implying harm to the victim's family, and the appellant's act of keeping his hands out of the victim's sight  were consistent with this definition and were undoubtedly intended to intimidate the victim into parting with the bank's money. Certainly she did not give up the money voluntarily. A reasonable person, when faced with the threats presented here, could well conclude that the threats were not idle and that the robber had the means to ensure that his demands were met.
The judgment and sentence for robbery are
AFFIRMED.
COBB and UPCHURCH, FRANK D., Jr., JJ., concur.