951 So.2d 3 (2007)
Omar CLIETT, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-3193.
District Court of Appeal of Florida, First District.
January 26, 2007.
Rehearing Denied March 16, 2007.
*4 Nancy A. Daniels, Public Defender, and Richard M. Summa, Assistant Public Defender, Tallahassee, for Appellant.
Charles J. Crist, Jr., Attorney General, and Christine Ann Guard, Assistant Attorney General, Tallahassee, for Appellee.
SILVERMAN, SCOTT J., Associate Judge.
Appellant Omar Cliett challenges his conviction and sentence for robbery. We affirm and address only Cliett's argument pertaining to the standard jury instruction for robbery.
Cliett argues that the standard jury instruction for robbery does not adequately reflect the law on robbery. See Fla. Std. Jury Instr. (Crim.) 15.1. Cliett contends that the "putting in fear" element of the instruction improperly focuses on the victim's subjective fear, instead of on whether the victim's fear was reasonable. See Brown v. State, 397 So.2d 1153, 1155 (Fla. 5th DCA 1981) ("[T]he question is not whether the victim here actually feared appellant, but whether a jury could conclude that a reasonable person under like circumstances would be sufficiently threatened to accede to the robber's demands.").
We reject Cliett's argument. The supreme court adopted the standard jury instruction in 1981 and, although the instruction has been amended three times, the "putting in fear" element has gone unchanged. See Fla. Std. Jury Instr. (Crim.) 15.1 cmt.; see also Freeman v. State, 761 So.2d 1055, 1071 (Fla.2000) (stating that "standard jury instructions are presumed to be correct"). The instruction does not use the term "subjective," nor does it ask the jury to view the circumstances from the victim's point of view. The instruction simply asks whether, from a jury's external viewpoint, the victim was put in fearan objective analysis. Although Cliett points to one reported case in which the state sought a special reasonable person jury instruction, the instruction simply clarified the standard instruction and did not substantively alter it. See Smithson v. State, 689 So.2d 1226 (Fla. 5th DCA 1997). The challenged instruction, read as a whole, fairly presents the law and does not mislead the jury. See Waters v. State, 298 So.2d 208 (Fla. 2d DCA 1974).
AFFIRMED.
LEWIS, J., concurs; BENTON, J., dissents with opinion.
BENTON, J., dissenting.
This case points up a shortcoming in the standard jury instruction on robbery. See Fla. Std. Jury Instr. (Crim.) 15.1. Under accepted rules of decision, moreover, the failure to instruct the jury that it had to determine whether what Omar Cliett said and did would have placed a reasonable person in fearnot merely (or not even) whether the victim was in fact in fear was fundamental error, in my view, requiring reversal and remand for a new trial. Accordingly, I respectfully dissent.
Notwithstanding the lack of any objection to the jury instructions below, we must decide whether, as appellant now contends, the trial court inaccurately defined the "putting in fear" element of robbery in instructing the jury. See generally Barnes v. State, 864 So.2d 1200, 1201-02 (Fla. 1st DCA 2004); Griffis v. State, 848 So.2d 422, 426-28 (Fla. 1st DCA 2003).
[I]n Reed v. State, 837 So.2d 366[, 369] (Fla.2002), . . . our supreme court held that misstating an element of an offense in instructing the jury even in accordance with an often used standard jury instruction constituted fundamental error requiring reversal without regard to *5 the usual rules of preservation because "the inaccurate definition of malice [the element at issue in Reed] reduced the State's burden of proof" on a disputed element.
Foster v. State, 861 So.2d 434, 442-43 (Fla. 1st DCA 2003) (On Mot. for Reh'g) (last alteration in original). The majority opinion addresses appellant's argument and rejects it. But it persuades me that here, as in Reed, an inaccurate definition of an essential component of the offense chargedhere "putting in fear"impermissibly reduced the State's burden of proof on a disputed element.
The State had the burden to prove that the accused conducted himself in a way that would have put a reasonable person in fear. See Magnotti v. State, 842 So.2d 963, 965 (Fla. 4th DCA 2003) ("Thus, the controlling factor is not necessarily the victim's subjective state of mind, but whether a jury could conclude that a reasonable person, under like circumstances, would have felt sufficiently threatened to accede to the robber's demands."). The robbery statute embodies an objective, not a subjective standard.
Lisa Alley testified she was at work behind a cash register when Mr. Cliett came around the counter with a gun, told her not to say a word and to open the cash register drawer; and that, when she complied, he took less than $100 from the drawer and left the store with a companion. Videotape in the store's security cameras caught much of what happened, including views of the hand in which Ms. Alley testified Mr. Cliett carried a gun.
But the State did not charge armed robbery. In arguing for judgment of acquittal at the close of the State's case, defense counsel argued that the evidence, taken in the light most favorable to the State's position,
does not show that Mr. Cliett, first of all, used any violence, second of all, used any force and, third of all, used any putting in fear. I think the evidence has been unclear as to whether or not Mr. Cliett used a weapon.
Denying the motion for judgment of acquittal, the trial judge remarked: "If he had been charged with robbery with a firearm I would have granted the JOA as to the firearm element."
Sufficiency of the evidence is not in dispute. The learned trial judge ruled-and there can be little doubtthat there was "plenty of evidence from which a jury could find that what he said to the clerk and his actions with his hands put the clerk in fear." But the question on appeal is whether the jury was given the correct question to decide when instructed:
To prove the crime of robbery, the state must prove the following four elements beyond a reasonable doubt. First, that [the appellant] took the money or other property from the person or custody of [the victim]; second, force, violence, assault, or putting in fear was used in the course of the taking; third, the property taken was of some value; four, the taking was with the intent to permanently or temporarily deprive Sprint Food Store of their right to the property or any benefit from it.
. . . .
The taking must be by the use of force or violence or by assault so as to overcome the resistance of the victim or by putting the victim in fear so that the victim does not resist. The law does not require that the victim of robbery resist to any particular extent or that the victim offer any actual physical resistance if the circumstances are such that the victim is placed in fear of death or great bodily harm if he or she does not resist, but, unless prevented by fear, *6 there must be some resistance to make the taking one done by force or violence.
In order for a taking by force, violence, or putting in fear to be robbery, it is not necessary that the taking be from the person of the victim. It is sufficient if the property taken is under the actual control of the victim so that it cannot be taken without the use of force, violence, or intimidation directed against the victim.
(Emphasis supplied.) The "putting in fear" element was genuinely in dispute. Alluding to Ms. Alley's testimony that she had been robbed twice before, defense counsel argued to the jury that "if she's been a victim twice, she may have been overly sensitive and she may have perceived a robbery when only a petit theft was taking place." She also argued:
If you look at Ms. Alley's behavior in the video, if you look at how she's acting, her hands are on her hipsone hand is on her hip, the other is on the thing. That's a casual stance. . . . And what it supports is that Mr. Cliett went behind the register, snatched the money, and ran.
Responding to defense counsel's argument in its own closing, the State contended that whether or not Mr. Cliett had a gun was immaterial, and further with regard to "putting in fear":
It's based on what the victim perceived. She perceived that this man was going to harm her.
Even if this defendant poked his finger into her, even if he never touched her, even if he neverhis hands are behind his back and he goes up to her and he goes, "Open the cash drawer; be quiet and open the cash drawer," if she's in fear, if that puts a chill up her spine and she says, "Oh, my God, something bad might happen," and it's midnight
At this point, defense counsel objected to the State's closing argument as "contrary to the law," but her objection was overruled. After the case went to the jury, the jury interrupted their deliberation to send out a laconic note reading simply, "The jury instructions regarding fear." In response, with the agreement of counsel, the trial court reread the entire robbery instruction to the jury.
Ms. Alley's subjective feelings are pertinent only insofar as they bear on whether or not the circumstances she found herself in would ordinarily induce fear "of death or great bodily harm" in the mind of a reasonable person.
Robbery is defined in section 812.13(1), Florida Statutes (1979) as "the taking of money or other property which may be the subject of larceny from the person or custody of another, by force, violence, assault, or putting in fear." (emphasis added). The fear contemplated by the statute is the fear of death or great bodily harm. Rolle v. State, 268 So.2d 541 (Fla. 3d DCA 1972). To sustain a conviction for robbery, it is not necessary to show that actual violence was used, nor is it required that the victim be placed in actual fear. Montsdoca v. State, 84 Fla. 82, 93 So. 157 (Fla.1922). If the circumstances attendant to the robbery were such as to ordinarily induce fear in the mind of a reasonable person, then the victim may be found to be in fear for the purpose of the robbery statute, and actual fear need not be strictly and precisely shown. Flagler v. State, 189 So.2d 212 (Fla. 4th DCA 1966), affirmed 198 So.2d 313 (Fla.1967); Thomas v. State, 183 So.2d 297 (Fla. 3d DCA 1966).
Brown v. State, 397 So.2d 1153, 1154-55 (Fla. 5th DCA 1981). To like effect, the Second District has said:

*7 In a case such as this, where no force has been used, the defendant can be convicted of robbery only if the victim is placed in fear of death or great bodily harm. Brown v. State, 397 So.2d 1153 (Fla. 5th DCA 1981). The controlling factor, however, is not the victim's mere statement that he had been placed in fear:
[T]he question is not whether the victim here actually feared appellant, but whether a jury could conclude that a reasonable person under like circumstances would be sufficiently threatened to accede to the robber's demands.
397 So.2d at 1155.
Schram v. State, 614 So.2d 646, 646 (Fla. 2d DCA 1993). The jury instructions the trial court read (then reread) permitted conviction for robbery (instead of theft) on the basis of the victim's ill founded and idiosyncratic misperception, since they did not specify an objective standard.
The same objective standard applies under the assault statute. See McKinnon v. State, 712 So.2d 1259, 1260 (Fla. 1st DCA 1998) ("`Under the assault statutes, it is settled that a `well-founded fear' is measured by a reasonable person standard, not a subjective standard.'") (quoting Pallas v. State, 636 So.2d 1358, 1361 (Fla. 3d DCA 1994)). Accordingly, the standard jury instruction on assault correctly requires proof of a "well-founded fear that the violence was about to take place." See Fla. Std. Jury Instr. (Crim.) 8.1 (emphasis supplied). In contrast, the robbery instruction omits the requisite objective standard. It requires proof merely of "putting the victim in fear so that the victim does not resist," without specifying that the fear has to be objectively reasonable. See Fla. Std. Jury Instr. (Crim.) 15.1. The State has not shown that this error was harmless beyond a reasonable doubt.