PER CURIAM.
We have for consideration thirteen proposed amended or new Standard Jury Instructions in Criminal Cases.[1] The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) proposes Standard Jury Instructions 10.19 (Use of a Self-Defense Weapon) *1161 (amended); 11.13 (Voyeurism) (amended); 11.13(a)-(b) (Video Voyeurism) (new); 11.13(e)-(d) (Video Voyeurism Dissemination) (new); 11.13(e)-(g) (Commercial Video Voyeurism) (new); 14.7 (False Verification of Ownership or False Identification to a Pawnbroker) (new); 15.1 (Robbery) (amended); 15.2 (Carjacking) (amended); and 15.3 (Home Invasion Robbery) (amended).
The proposals were published for comment by the Court in the September 15, 2007, edition of The Florida Bar News. Three comments were received. In response to the comments, the Committee revised several of its proposals.
Having considered the Committee’s report, the comments that were filed, and the Committee’s response to those comments, we authorize the publication and use of all of the amended and new instructions.[2] The instructions, as authorized, are set forth in the appendix to this opinion. New language is indicated by underlining, and deleted language is struck through. In authorizing the instructions for publication and use, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions, nor contesting the legal correctness of the instructions. We further caution all interested parties that any notes and comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instructions as set forth in the appendix[3] shall be effective when this opinion becomes final.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.
APPENDIX
10.19 USE OF A SELF-DEFENSE WEAPON
§ 790.054, Fla. Stat.
To prove the crime of «Using a sSelf-dDefense «¡Weapon against a law enforcement officer, the sState must prove the following four elements beyond a reasonable doubt:
1. (Defendant) intentionally used a [self-defense chemical spray] [nonlethal stun gun] [nonlethal electric weapon] [remote dart firing stun gun] against (victim).
2. (Victim) was at the time a law enforcement officer.
*1162 3. (Defendant) knew (victim) was a law enforcement officer.
4. At the time of the incident, (victim) was engaged in the lawful performance of [his] [her] duties.
The court now instructs you that (name of official position of victim designated in charge) is a law enforcement officer. Do not read the name of the victim in this part of the instruction.
Lesser Included Offenses
USE OF A SELF-DEFENSE WEAPON § 790.054
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
None
Battery 784.03(l)(a) 8.3
Comment
This instruction is based on section 790.054, Florida Statutes (1997). In giving this instruction, do not refer to the victim by name in the last sentence of the instruction. That sentence must state the class of officers to which the victim belongs, e.g., probation officer, correctional officer. See Wright v. State, 586 So.2d 1025[1024] (Fla.1991).
This instruction was adopted in 2000 [765 So.2d 692] and amended in 2008.
11.13 VOYEURISM
§ 810.14, Fla. Stat.
To prove the crime of Voyeurism, the «State must prove the following three elements beyond a reasonable doubt:
1. (Defendant) secretly
[observed]
[photographed]
[filmed]
[videotaped]
[recorded]
(victim).
2. The (act alleged) was done with a [lewd] [lascivious] [indecent] intent.
3. When (victim) was [observed] [photographed] — [filmed]—[videotaped] [recorded] — [he] [she] was in a [dwelling] [structure] [conveyance] in which [he] [she] had a reasonable expectation of privacy.
The words lewd, lascivious, and indecent mean the same thing, a wicked, lustful, unchaste, licentious, or sensual intent on the part of the person doing the act.

Definitions._

“Dwelling” means a building [or conveyance] of any kind, including any attached porch, whether such building [or conveyance] is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, together with the enclosed space of ground and outbuildings immediately surrounding it.
“Structure” means any kind of building, either temporary or permanent, that has a roof over it, together with the enclosed space of ground and outbuildings immediately surrounding it.
“Conveyance” means any motor vehicle, ship, vessel, railroad car, trailer, aircraft or sleeping car.
Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
This instruction is based on § 810.14-,■ Fla-,-Stat;~(Supp-.4998-)- — It is error to inform the jury of a prior conviction before a determination of guilt of the charged offense. Therefore, do not read the allegation of prior conviction or send the information or indictment into the jury room. If the defendant is convicted of the current *1163 charge, the historical fact of a previous conviction shall be determined separately. State v. Harris, 356 So.2d 315 (Fla.1978). beyond a reasonable doubt by the jury in a bifurcated proceeding. State v. Harbaugh, 754 So.2d 691 (Fla.2000).
This instruction was adopted in 2000 [765 So.2d 692], and amended in 2008.
11.13(a) VIDEO VOYEURISM
§ 810.145(2)(a) or (b), Fla. Stat.
To prove the crime of Video Voyeurism, the State must prove the following four elements beyond a reasonable doubt:

Give la or lb as applicable.

1. (Defendant)
a. intentionally [used] [or] [installed] an imaging device to secretly [view] [broadcast] [or] [record] (victim) for [his] [her] own [amusement] [entertainment] [sexual arousal] [gratification] [or] [profit] [or] [for the purpose of degrading or abusing (victim) ].
b. intentionally permitted [the use] [or] [installation] of an imaging device to secretly [view] [broadcast] [or] [record] (victim) for the [amusement] [entertainment] [sexual arousal] [gratification] [or] [profit] [of another or on behalf of another].
2. (Victim) was thereby [viewed] [broadcast] [or] [recorded] at a time when the (victim) was [dressing] [undressing] [or] [privately exposing [his] [her] body].
3. At the place and time when (victim) was [viewed] [broadcast] [or] [recorded] [he] [she] had a reasonable expectation of privacy.
4. The [viewing] [broadcast] [or] [recording] of (victim) was without the knowledge and consent of (victim).

Definitions.

“Broadcast” means electronically transmitting a visual image with the intent that it be viewed by another person.
“Imaging device” means any mechanical, digital, or electronic viewing device; still camera; camcorder; motion picture camera; or any other instrument, equipment, or format capable of recording, storing, or transmitting visual images of another person.
“Place and time when a person has a reasonable expectation of privacy” means a place and time when a reasonable person would believe that he or she could fully disrobe in privacy, without being concerned that his or her undressing was being viewed, recorded, or broadcasted by another, including, but not limited to, the interior of a bathroom, changing room, fitting room, dressing room, or tanning booth.
“Privately exposing the body” means exposing a sexual organ.
Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
It is error to inform the jury of a prior conviction before a determination of guilt of the charged offense. Therefore, do not read the allegation of prior conviction or send the information or indictment into the jury room. If the defendant is convicted of the current charge, the historical fact of a previous conviction shall be determined beyond a reasonable doubt by the jury in a bifurcated proceeding. State v. Harbaugh, 754 So.2d 691 (Fla.2000).
This instruction was adopted in 2008.
*1164 11.13(b) VIDEO VOYEURISM
§ 810.145(2)(c), Fla. Stat.
To prove the crime of Video Voyeurism, the State must prove the following three elements beyond a reasonable doubt:
1. (Defendant) intentionally used an imaging device to secretly [view] [broadcast] [or] [record] [under] [or] [through] the clothing worn by (victim) for the [amusement] [entertainment] [sexual arousal] [gratification] [or] [profit] of [himself] [herself] [or] [another].
2. (Defendant’s) use of the imaging device was for the purpose of viewing [the body of] [or] [the undergarments worn by] (victim).
3. (Defendant’s) use of the imaging device was without the knowledge and consent of (victim).

Definitions.

“Broadcast” means electronically transmitting a visual image with the intent that it be viewed by another person.
“Imaging device” means any mechanical, digital, or electronic viewing device; still camera; camcorder; motion picture camera; or any other instrument, equipment, or format capable of recording, storing, or transmitting visual images of another person.
Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
It is error to inform the jury of a prior conviction before a determination of guilt of the charged offense. Therefore, do not read the allegation of prior conviction or send the information or indictment into the jury room. If the defendant is convicted of the current charge, the historical fact of a previous conviction shall be determined beyond a reasonable doubt by the jury in a bifurcated proceeding. State v. Harbaugh, 754 So.2d 691 (Fla.2000).
This instruction was adopted in 2008.
11.13(c) VIDEO VOYEURISM DISSEMINATION
(Image created in violation of section 810.145(2)(a) and (b))
§ 810.145(3), Fla. Stat.
To prove the crime of Video Voyeurism Dissemination, the State must prove the following six elements beyond a reasonable doubt:

Give la or lb as applicable.

L (Defendant)
(a) intentionally [used] [or] [installed] an imaging device to secretly [view] [broadcast] [or] [record] (victim) for [his] [her] own [amusement] [entertainment] [sexual arousal] [gratification] [or] [profit] [or] [for the purpose of degrading or abusing (victim) ].
(b) intentionally permitted [the use] [or] [installation] of an imaging device to secretly [view] [broadcast] [or] [record] (victim) for the [amusement] [entertainment] [sexual arousal] [gratification] [or] [profit] [of another or on behalf of another].
2. (Victim) was thereby [viewed] [broadcast] [or] [recorded] at a time when the [he] [she] was [dressing] [undressing] [or] [privately exposing [his] [her] body].
3. At the place and time when (victim) was [viewed] [broadcast] [or] [recorded] [he] [she] had a reasonable expectation of privacy.
*1165 4. The [viewing] [broadcast] [or] [recording] of (victim) was without the knowledge and consent of (victim).
5. (Defendant) intentionally [disseminated] [distributed] [or] [transferred] an image of (victim) created in this manner to another person for the purpose of [amusement] [entertainment] [sexual arousal] [gratification] [or] [profit] [or for the purpose of degrading or abusing (victim) ].
6. At the time (defendant) [disseminated] [distributed] [or] [transferred] the image of (victim), (defendant) knew or had reason to believe that the image of (victim) had been created in this manner.

Definitions.

“Broadcast” means electronically transmitting a visual image with the intent that it be viewed by another person.
“Imaging device” means any mechanical, digital, or electronic viewing device; still camera; camcorder; motion picture camera; or any other instrument, equipment, or format capable of recording, storing, or transmitting visual images of another person.
“Place and time when a person has a reasonable expectation of privacy” means a place and time when a reasonable person would believe that he or she could fully disrobe in privacy, without being concerned that their undressing was being viewed, recorded, or broad-casted by another, including, but not limited to, the interior of a bathroom, changing room, fitting room, dressing room, or tanning booth.
“Privately exposing the body” means exposing a sexual organ.
Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
It is error to inform the jury of a prior conviction before a determination of guilt of the charged offense. Therefore, do not read the allegation of prior conviction or send the information or indictment into the jury room. If the defendant is convicted of the current charge, the historical fact of a previous conviction shall be determined beyond a reasonable doubt by the jury in a bifurcated proceeding. State v. Harbaugh, 754 So.2d 691 (Fla.2000).
This instruction was adopted in 2008.
11.13(d) VIDEO VOYEURISM DISSEMINATION
(Image created in violation of section 810.145(2)(c)) § 810.145(3), Fla. Stat.
nsm Dissemination, the State must prove the following five elements beyond a reasonable doubt: ¡3 © ¡⅝⅞ o > © «H © © © % a o Eh
L (Defendant) intentionally used an imaging device to secretly [view] [broadcast] [or] [record] [under] [or] [through] the clothing worn by (victim) for the [amusement] [entertainment] [sexual arousal] [gratification] [or] [profit] of [himself] [herself] [or] [another].
2. (Defendant’s) use of the imaging device was for the purpose of viewing [the body of] [or] [the undergarments worn by] (victim).
3. (Defendant’s) use of the imaging device was without the knowledge and consent of (victim).
4. (Defendant) intentionally [disseminated] [distributed] [or] [transferred] an image of (victim) created in this manner to another *1166 person for the purpose of [amusement]_[entertainment] [sexual arousal] [gratification] [or] [profit] [or for the purpose of degrading or abusing (victim) ].
5. At the time (defendant) [disseminated] [distributed] [or] [transferred] the image of (victim), (defendant) knew or had reason to believe that the image of (victim) had been created in this manner.

Definitions.

“Broadcast” means electronically transmitting a visual image with the intent that it be viewed by another person.
“Imaging device” means any mechanical, digital, or electronic viewing device; still camera; camcorder; motion picture camera; or any other instrument, equipment, or format capable of recording, storing, or transmitting visual images of another person.
Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
It is error to inform the jury of a prior conviction before a determination of guilt of the charged offense. Therefore, do not read the allegation of prior conviction or send the information or indictment into the .jury room. If the defendant is convicted of the current charge, the historical fact of a previous conviction shall be determined beyond a reasonable doubt by the .jury in a bifurcated proceeding. State v. Harbaugh, 754 So.2d 691 (Fla.2000).
This instruction was adopted in 2008.
11.13(e) COMMERCIAL VIDEO VOYEURISM
(Image created in violation of section 810.145(2)(a) or (b))
§ 810.145(4)(a), Fla. Stat.
To prove the crime of Commercial Video Voyeurism, the State must prove the following six elements beyond a reasonable doubt:

Give la or lb as applicable.

L (Defendant)
a. intentionally [used] [or] [installed] an imaging device to secretly [view] [broadcast] [or] [record] (victim) for [his] [her] own [amusement] [entertainment] [sexual arousal] [gratification] [or] [profit] [or] [for the purpose of degrading or abusing (victim) ].
b. intentionally permitted [the use] [or] [installation] of an imaging device to secretly [view] [broadcast] [or] [record] (victim) for the [amusement] [entertainment] [sexual arousal] [gratification] [or] [profit] [of another or on behalf of another].
2. (Victim) was thereby [viewed] [broadcast] [or] [recorded] at a time when the (victim) was, [dressing] [undressing] [or] [privately exposing [his] [her] body].
3. At the place and time when (victim) was [viewed] [broadcast] [or] [recorded] [he] [she] had a reasonable expectation of privacy.
4. The [viewing] [broadcast] [or] [recording] of (victim) was without the knowledge and consent of (victim).
5. (Defendant) sold an image of (victim) created in this manner to another person for consideration.
6. (Defendant) knew or had reason to believe that the image of (victim) *1167 sold had been created in this manner.

Definitions.

“Broadcast” means electronically transmitting a visual image with the intent that it be viewed by another person.
“Imaging device” means any mechanical, digital, or electronic viewing device; still camera; camcorder; motion picture camera; or any other instrument, equipment, or format capable of recording, storing, or transmitting visual images of another person.
“Place and time when a person has a reasonable expectation of privacy” means a place and time when a reasonable person would believe that he or she could fully disrobe in privacy, without being concerned that their undressing was being viewed, recorded, or broad-casted by another, including, but not limited to, the interior of a bathroom, changing room, fitting room, dressing room, or tanning booth.
“Privately exposing the body” means exposing a sexual organ.
Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
It is error to inform the jury of a prior conviction before a determination of guilt of the charged offense. Therefore, do not read the allegation of prior conviction or send the information or indictment into the jury room. If the defendant is convicted of the current charge, the historical fact of a previous conviction shall be determined beyond a reasonable doubt by the jury in a bifurcated proceeding. State v. Harbaugh, 754 So.2d 691 (Fla.2000).
This instruction was adopted in 2008.
11.13(f) COMMERCIAL VIDEO VOYEURISM
(Image created in violation of section 810.145(2)(c))
§ 810.145(4)(a), Fla. Stat.
To prove the crime of Commercial Video Voyeurism, the State must prove the following five elements beyond a reasonable doubt:
1. (Defendant) intentionally used an imaging device to secretly [view] [broadcast] [or] [record] [under] [or] [through] the clothing worn by (victim) for the [amusement] [entertainment] [sexual arousal] [gratification] [or] [profit] of [himself] [herself] [or] [another].
2. (Defendant’s) use of the imaging device was for the purpose of viewing [the body of] [or] [the undergarments worn by] (victim).
3. (Defendant’s) use of the imaging device was without the knowledge and consent of (victim).
4. (Defendant) sold an image of (victim) created in this manner to another person for consideration.
5. (Defendant) knew or had reason to believe that the image of (victim) sold had been created in this manner.

Definitions.

“Broadcast” means electronically transmitting a visual image with the intent that it be viewed by another person.
“Imaging device” means any mechanical, digital, or electronic viewing device; still camera; camcorder; motion picture camera; or any other instrument, equip *1168 ment, or format capable of recording, storing, or transmitting visual images of another person.
Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
This instruction is based on section 810.145(2)(c), Florida Statutes (2004),
It is error to inform the jury of a prior conviction before a determination of guilt of the charged offense. Therefore, do not read the allegation of prior conviction or send the information or indictment into the jury room. If the defendant is convicted of the current charge, the historical fact of a previous conviction shall be determined beyond a reasonable doubt by the jury in a bifurcated proceeding. State v. Harbaugh, 754 So.2d 691 (Fla.2000).
This instruction was adopted in 2008.
11.13(g) COMMERCIAL VIDEO VOYEURISM
(Image created in violation of section 810.145(2)(a) or (b))
§ 810.145(4)(b), Fla. Stat.
To prove the crime of Commercial Video Voyeurism, the State must prove the following five elements beyond a reasonable doubt:

Give la or lb as applicable.

L (Defendant)
a. intentionally [used] [or] [installed] an imaging device to secretly [view] [broadcast] [or] [record] (victim) for [his] [her] own [amusement] [entertainment] [sexual arousal] [gratification] [or] [profit] [or] [for the purpose of degrading or abusing (victim) ].
b. intentionally permitted [the use] [or] [installation] of an imaging device to secretly [view] [broadcast] [or] [record] (victim) for the [amusement] [entertainment] [sexual arousal] [gratification] [or] [profit] [of another on behalf of another].
2. (Victim) was thereby [viewed] [broadcast] [or] [recorded] at a time when the (victim) was [dressing] [undressing] [or] [privately exposing [his] [her] body].
3. At the place and time when (victim) was [viewed] [broadcast] [or] [recorded] [he] [she] had a reasonable expectation of privacy.
4. The [viewing] [broadcast] [or] [recording] of (victim) was without the knowledge and consent of (victim).
5. (Defendant) [disseminated] [distributed] [or] [transferred] an image of (victim) created in this manner to another person for that person to sell to others.

Definitions.

“Broadcast” means electronically transmitting a visual image with the intent that it be viewed by another person.
“Imaging device” means any mechanical, digital, or electronic viewing device; still camera; camcorder; motion picture camera; or any other instrument, equipment, or format capable of recording, storing, or transmitting visual images of another person.
“Place and time when a person has a reasonable expectation of privacy” means a place and time when a reasonable person would believe that he or she could fully disrobe in privacy, without being concerned that their undressing was being viewed, recorded, or broad-casted by another, including, but not limited to, the interior of a bathroom, *1169 changing room, fitting room, dressing room, or tanning booth.
“Privately exposing the body” means exposing a sexual organ.
Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
It is error to inform the .jury of a prior conviction before a determination of guilt of the charged offense. Therefore, do not read the allegation of prior conviction or send the information or indictment into the .jury room. If the defendant is convicted of the current charge, the historical fact of a previous conviction shall be determined beyond a reasonable doubt by the jury in a bifurcated proceeding. State v. Harbaugh, 754 So.2d 691 (Fla.2000).
This instruction was adopted in 2008.
14. 7 FALSE VERIFICATION OF OWNERSHIP OR FALSE IDENTIFICATION TO A PAWNBROKER
§ 539.001(8)(b)8, Fla. Stat.
To prove the crime of False Verification of Ownership or False Identification to a Pawnbroker, the State must prove the following three elements beyond a reasonable doubt:
L (Defendant) sold or pledged [goods] [(property alleged)] to a pawnbroker.
2. At the time, (defendant) knowingly gave [false verification of ownership of the [goods] [(property alleged) ]] [false or altered identification] to the pawnbroker.
3. (Defendant) received money from the pawnbroker for the [goods] [ (property alleged) ] sold or pledged.

Enhanced penalty. Give if applicable.

If you find (defendant) guilty of false verification of ownership or false identification to a pawnbroker, you must then determine whether the State has proven beyond a reasonable doubt that the value of the money received was $300 or more.

Definition.

§ 539.001(2)(i), Fla. Stat.

“Pawnbroker” means any person who is engaged in the business of making pawns; who makes a public display containing the term “pawn,” “pawnbroker,” or “pawnshop” or any derivative thereof; or who publicly displays a sign or symbol historically identified with pawns. A pawnbroker may also engage in the business of purchasing goods which includes consignment and trade.
Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
This instruction was adopted in 2008.
15.1 ROBBERY
§ 812.13, Fla. Stat.
To prove the crime of Robbery, the State must prove the following four elements beyond a reasonable doubt:
1. (Defendant) took the (money or property described in charge) from the person or custody of (person alleged).
2. Force, violence, assault, or putting in fear was used in the course of the taking.
3. The property taken was of some value.
4. The taking was with the intent to permanently or temporarily [deprive (victim) of [his] [her] right to the property or any benefit from *1170 it] [appropriate the property of (victim) to [his] [her] own use or to the use of any person not entitled to it].

Definition._

“In the course of the taking” means that the act occurred prior to, contemporaneous with, or subsequent to the taking of the property and that the act and the taking of the property constitute continuous series of acts or events.

Title to property._

In order for a taking of property to be robbery, it is not necessary that the person robbed be the actual owner of the property. It is sufficient if the victim has the custody of the property at the time of the offense.

Force. Give if applicable.

The taking must be by the use of force or violence or by assault so as to overcome the resistance of the victim, or by putting the victim in fear so that the victim does not resist. The law does not require that the victim of robbery resist to any particular extent or that the victim offer any actual physical resistance if the circumstances are such that the victim is placed in fear of death or great bodily harm if he or she does resist. But unless prevented by fear, there must be some resistance to make the taking one done by force or violence.

Victim unconscious. Give if applicable.

It is also robbery if a person, with intent to take the property from a victim, administers any substance to another so that the victim becomes unconscious and then takes the property from the person or custody of the victim.
Taking.
In order for a taking by force, violence, or putting in fear to be robbery, it is not necessary that the taking be from the person of the victim. It is sufficient if the property taken is under the actual control of the victim so that it cannot be taken without the use of force, violence, or intimidation directed against the victim.

Enhanced penalty. Give if applicable.

The-punishment provided by law for If you find the defendant guilty of the crime of robbery, then you must further determine beyond a reasonable doubt is greater — if “in the course of committing the robbery” the defendant carried some kind of weapon. An act is “in the course of committing the robbery” if it occurs in an attempt to commit robbery or in flight after the attempt or commission. Therefore, if you find the- defendant guilty of robbery,-you must then eonsider-whether the-State has further proved those aggravating circumstances and reflect this in 3*our verdict.

With a firearm^

If you find that the defendant carried a firearm in the course of committing the robbery, you should find [him] [her] guilty of robbery with a firearm.

With a deadly weapon._

If you find that the defendant carried a (deadly weapon described in charge) in the course of committing the robbery and that the (deadly weapon described in charge) was a deadly weapon, you should find [him] [her] guilty of robbery with a deadly weapon.

With other weapon.

If you find that the defendant carried a weapon that was not a [firearm] [deadly weapon] in the course of com *1171 mitting the robbery, you should find [him] [her] guilty of robbery with a weapon.

With no firearm or weapon.

If you find that the defendant carried no firearm or weapon in the course of committing the robbery, but did commit the robbery, you should find [him] [her] guilty only of robbery.
Definitions.
A “firearm” is legally -defined as (adapt from § 790.001(6), Fla. Stat., as required by allegations).
A weapon is a “deadly weapon” if it is used or threatened to be used in a way likely to produce death or great bodily harm.
A “weapon” is legally defined to mean any object that could be used to cause death or inflict serious bodily harm.

Also define “attempt” (see 5.1).

Lesser Included Offenses
ROBBERY WITH A FIREARM OR DEADLY WEAPON — 812.13(2)(a)
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
Robbery with a weapon 812.13(2)(b) 15.1
Robbery 812.13(2)(c) 15.1
Petit theft — second degree 812.014(3)(a) 14.1
Attempt 777.04(1) 5.1
Robbery by sudden snatching with a firearm or deadly weapon 812.131(2)(a) 15.4
Robbery by sudden snatching 812.131(2)(b) 15.4
Grand theft — first degree 812.014(2)(a) 14.1
Grand theft — second degree 812.014(2)(b) 14.1
Grand theft — third degree 812.014(2)(e) 14.1
Petit theft — first degree 812.014(2)(e) 14.1
Battery 784.03 8.3
Aggravated battery 784.045 8.4
Assault 784.011 8.1
Aggravated assault 784.021 8.2
Display of firearm 790.07 10.3 or .4
Resisting a merchant 812.015(6) 14.4
ROBBERY WITH A WEAPON — 812.13(2)(b)
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
Robbery 812.13(2)(c) 15.1
Petit theft-second degree 812.014(3)(a) 14.1
Attempt 777.04(1) 5.1
Robbery by sudden snatching with a firearm or deadly weapon 812,131(2)(a) 15.4
Robbery by sudden snatching 812.131(2)(b) 15.4
Grand theft — first degree 812.014(2)(a) 141
*1172 Grand theft — second degree 812.014(2)(b) 14.1
Grand theft — third degree 812.014(2)(c) 14.1
Petit theft-first degree 812.014(2)(e) 14.1
Battery_784.03_8.3
Aggravated battery 784.045 8.4
Assault 784.011 8.1
Display of weapon 790.07(1) 10.3
Resisting a merchant 812.015(6) 14.4
ROBBERY — 812.13(2)(c)
CATEGORY ONE_CATEGORY TWO_FLA. STAT. INS. NO.
Petit theft-second degree_812.014(3)(a) 14.1
_Attempt_777.04(1)_5.1
_Robbery By Sudden Snatching 812.131(2)(b) 15.4
_Grand theft — first degree_812.014(2)(a) ⅛4
_Grand theft — second degree_812.014(2)⅛) 444-_
_Grand theft — third degree_812.014(2)(c) 14.1_
_Petit theft-first degree '_812.014(2)(e) 14.1_
_Battery_784.03_8J5_
_Assault_784.011_84_
_Aggravated assault_784,021_R2_
Resisting a merchant_812.015(6)14.4
Comment
This instruction was adopted in 1981 and amended in 1985 [477 So.2d 985], 1989, [543 So.2d 1205] and 1995, [665 So.2d 212], and 2008.
15.2 CARJACKING
§ 812.133, Fla. Stat.
To prove the crime of Carjacking, the State must prove the following three elements beyond a reasonable doubt:
1. (Defendant) took the motor vehicle from the person or custody of (victim).
2. Force, violence, assault, or putting in fear was used in the course of the taking.
3. The taking was with the intent to temporarily or permanently [deprive (victim) of [his] [her] right to the motor vehicle or any benefit from it] [appropriate the motor vehicle of (victim) to [his] [her] own use or to the use of any person not entitled to it].
Definition.
“In the course of the taking” means that the act occurred before, during, or after the taking of the motor vehicle and that the act and the taking of the motor vehicle constitute a continuous series of acts or events.

Title to motor vehicle pwperkf.

In order for a taking of the motor vehicle property — to be carjacking, it is not necessary that the victim be the actual owner of the properly motor vehicle. It is sufficient if the victim has the custody of the property motor vehicle at the time of the offense.

*1173
Force. Give if applicable.

The taking must be by the use of force or violence or by assault so as to overcome the resistance of the victim, or by putting the victim in fear so that the victim does not resist. The law does not require that the victim of carjacking resist to any particular extent or that the victim offer any actual physical resistance if the circumstances are such that the victim is placed in fear of death or great bodily harm if he or she does resist. But unless prevented by fear, there must be some resistance to make the taking one done by force or violence.

Victim unconscious. Give if applicable.

It is also carjacking if a person, with intent to take the property motor vehicle from a victim, administers any substance to the victim so that [he] [she] becomes unconscious and then takes the property motor vehicle from the person or custody of the victim.

Enhanced penalty. Give if applicable.

The punishment provided by law for If you find the defendant guilty of the crime of carjacking, then you must further determine beyond a reasonable doubt is greater if “in the course of committing the carjacking” the defendant carried some kind of weapon. An act is “in the course of committing the carjacking” if it occurs in an attempt to commit carjacking or in flight after the attempt or commission. Therefore, if you-find the defendant guilty of-earjack-ing, you must then-consider whether the State has further proved those aggravating circumstances and refleet-this in your verdict.
With a firearm or deadly weapon.
If you find that the defendant carried a firearm or other deadly weapon in the course of committing the carjacking, you should find [him] [her] guilty of carjacking with a firearm or deadly weapon.

With no firearm or weapon.

If you And that the defendant carried no firearm or weapon in the course of committing the carjacking, but did commit the carjacking, you should find [him] [her] guilty only of carjacking.

The only enhancement under the statute is for carrying a firearm or other deadly weapon, not for carrying a nondeadly weapon as in the robbery statute.

Definitions._

A “firearm” is legally defined as (adapt from § 790.001(6), Fla. Stat., as required by allegations).
A weapon is a “deadly weapon” if it is used or threatened to be used in a way likely to produce death or great bodily harm.
Lesser Included Offenses
_CARJACKING — 812.133_
CATEGORY ONE_CATEGORY TWO_FLA. STAT. INS. NO.
Robbery_812.13(2)(c)_15.1
Grand theft-motor vehicle_812.014(2)(c)6 14,1
Petit theft_812.014(3)(a) 444
_Attempt_777.04(1)_5.1
Grand-theft — first degree_812.014(2Xa)444
*1174 Grand theft — second degree 8-l-2.014(2)(b) ⅛4⅛
Grand theft — third degree_842.014(2-Xc)_444
Petit theft — first degree_812.014(2)(e)_444
Petit-the-ft — second-degree_§42.014(3)(a)_444
Battery_784.03_8.3
Assault_784.011_8.1
Aggravated assault_784.021_8.2
Comment
This instruction was adopted in 1997 [697 So.2d 84] and amended in 2008.
15.3 HOME-INVASION ROBBERY
§ 812.135, Fla. Stat.
To prove the crime of Home-Invasion Robbery, the State must prove the following three elements beyond a reasonable doubt:
1. (Defendant) entered the dwelling of (victim).
2. At the time (defendant) entered the dwelling, [he] [she] intended to commit robbery.
3. While inside the dwelling, (defendant) did commit robbery.

Now define robbery by reading 15.1.s omitting -the section regarding ■ enhanced penalties?

Definition.
“Dwelling” means a building [or conveyance] of any kind, including any attached porch, whether such building [or conveyance] is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, together with the enclosed space of ground and outbuildings immediately surrounding it.

Enhanced penalty. Give if applicable.

If you find the defendant guilty of the crime of home-invasion robbery, then you must further determine beyond a reasonable doubt if “in the course of committing the home-invasion robbery” the defendant carried some kind of weapon.

With a firearm.

If you find that the defendant carried a firearm in the course of committing the home-invasion robbery, you should find [him] [her] guilty of home-invasion robbery with a firearm.

With a deadly weapon.

If you find that the defendant carried a (deadly weapon described in charge) in the course of committing the home-invasion robbery and that the (deadly weapon described in charge) was a deadly weapon, you should find [him] [her] guilty of home-invasion robbery with a deadly weapon.

With other weapon.

If you find that the defendant carried a weapon that was not a [firearm] [deadly weapon] in the course of committing the home-invasion robbery, you should find [him] [her] guilty of home-invasion robbery with a weapon.

With no firearm or weapon.

If you find that the defendant carried no firearm or weapon in the course of committing the home-invasion robbery, but did commit the home-invasion robbery, you should find [him] [her] guilty only of home-invasion robbery.

*1175
Definitions.

A “firearm” is defined as (adapt from § 790.001(6), Fla. Stat., as required by allegations).
A weapon is a “deadly weapon” if it is used or threatened to be used in a way likely to produce death or great bodily harm.
A “weapon” is defined to mean any object that could be used to cause death or inflict serious bodily harm.

Also define “attempt” (see 5.1).

Lesser Included Offenses
HOME INVASION ROBBERY — 812,135
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
Robbery with a weapon 812.13(2)(bl
Robbery 812,13(2)(c) 15.1
Burglary 810.02(4) 13.1
Aggravated battery 784.045 8.4
Battery 784.03 8.3
Aggravated assault 784.021 8.2
Assault 784.011 8.1
Attempt 777.04(1) 5.1
Burglary 810.02(3) 13.1
Trespass 810.08 13.3
Petit theft 812.014(3)(a) 14.1
Petit theft 812.014(2)(e) 14.1
BURGLARY WITH ASSAULT-QR-BATTERY OR WHILE ARMED 810.02(2)
CATEGORY ONE_CATEGORY TWO_FLA. STAT. INS. NO,
Burglary 810.02(4) 181
Aggravated-battery -784045 84
Battery 7844)3 83
Aggravated assault 784.021 82
Assault 784011 81
Attempt 777.04(1) 81
Burglary 810.02(3) 181
Trespass 81038 13 3
BURGLARY OF DWELLING; BURGLARY OF STRUCTURE OR CONVEYANCE WITH HUMAN-BEING INSIDE — 810.02(3)
CATEGORY-ONE CATEGORY TWO FLA. STAT. INS. NO,
Burglary 81032(4) 181
Attempt 77734(1) 81
Burglary 81032(3) 181
Trespass 810.08(2)(a) 13 3
Trespas 81038(2)(b) 13 3
BURGLARY — 810.02(4)
CATEGORY ONE CATEGORY TWO FLA.-ST-AT, INS. NO,
*1176 None
Attempt 77-7,04(1) 54
Trespas 810.08(2)(a) 13 3
ROBBERY WITH A FIREARM OR DEADLY WEAPON — 81243(2)(a)
CATEGORY-ONE CATEGORY-TWO FLA. STAT, INS.-NQ,
Robbery-with-aweapon 812.13(2)(b)
Robbery 81243(2)fe) 454
Petit theft — second degree 812.014(3)(a)
Attempt 777.04(1) §4
Grand theft — first degree 812.014(2)(a)
Grand theft — second degree 842D14(2)(b)
Grand theft — third-degree 812.014(2) (e-)
Petit theft — first degree 812.014(2)(e)
Battery 78403 84
Aggravated-battery 78404-5 84
Assault ■784,041 84
Aggravated assault -784021 84
Display- of-greartn 79⅛07 10.3 or-4
Resisting a merchant 812,045(6) 444
ROBBERY WITH A WEAPON — 812,13(2)(b)
CATEGORY ONE CATEGORY TWO FLA, STAT. ■INS,-NO,
~P r\KV>OT»Tr jjiupwoí. .y 812.13(2)(c) 454
Ppfiih t.Tipft X CUiU uliClU 812.014(3)(a)
Attempt 777.04(1) 54
Grand theft — first degree 812.014(2)(a)
Grand-theft — second- degree 842Dld(2)(b)
Grand-theft — third degree 812.014(2)(c)
Petit theft 812.014(2)(e)
Battery 78403 84
Aggravated battery -7-84Q45 84
Assault 7840-14 84
Displawof weapon .790,07(4) 10 3
Resisting a merchant 812.015(6) 444
ROBBERY — 812,13(-2)(c4
CATEGORY TWO FLA, STAT, INS, NO,
Petit theft 812.014(3)(a)
777.04(1) 54
Grand theft — first-degree 812.014(2)(a)
Grand-theft — second degree 842D44(2)(b)
Grand theft — third degree 812.014(2)(c)
Petit-theft 812.014(2)(e)
Battery 78403 84
Assault 784041 84
*1177 _Aggravated-assault_784.021__
Resisting a-merchaat_812,015(6)Í4A
Comment
This instruction was adopted in 1997 [697 So.2d 84] and amended in 2008.

. We have jurisdiction. See art. V, § 2(a), Fla. Const.

. One of the comments filed with this Court raised the issue of whether Judge Benton’s dissenting opinion in Cliett v. State, 951 So.2d 3 (Fla. 1st DCA 2007), warrants amendments to instruction 15.1 (Robbery). Judge Benton asserted that "the failure to instruct the jury that it had to determine whether what [Cliett] said and did would have placed a reasonable person in fear ... was fundamental error, in my view, requiring reversal and remand for a new trial." Id. at 4. In response, the Committee rejected that comment, determining that the majority view in Cliett was correct. We decline to address the issue here. Such determination must be left for a proper case and controversy.

. The amendments to the instructions as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court’s website at www.floridasupremecourt. org/iury_instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.