989 So.2d 735 (2008)
Duphesio THOMAS and Randell R. Colston, Appellants/Cross-Appellees,
v.
STATE of Florida, Appellee/Cross-Appellant.
Nos. 1D07-2597, 1D07-2828, 1D07-3061, 1D07-3085.
District Court of Appeal of Florida, First District.
September 4, 2008.
*736 James C. Banks of the Law Firm of Banks & Morris, P.A., Tallahassee, for Appellants/Cross-Appellees.
Bill McCollum, Attorney General, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee/Cross-Appellant.
PER CURIAM.
Appellants/Cross-Appellees, Duphesio Thomas and Randell R. Colston, appeal their judgments and sentences and raise four issues on appeal, none of which have merit. The State argues on cross-appeal that the trial court erred in granting Appellants/Cross-Appellees' motion for judgment of acquittal following the jury's verdict of guilt on Count II, the second of two armed robbery counts, on the basis that there was no evidence in the record that the victim identified in Count II was put in fear in the course of the taking. We agree.
In determining whether a victim was put in fear in the course of a taking, the question is whether the circumstances surrounding the incident would cause a reasonable person to be afraid, not whether the victim was actually afraid. See Cliett v. State, 951 So.2d 3, 4 (Fla. 1st DCA 2007); Magnotti v. State, 842 So.2d 963, 965 (Fla. 4th DCA 2003); Woods v. State, 769 So.2d 501, 502 (Fla. 5th DCA 2000); State v. Baldwin, 709 So.2d 636, 637 (Fla. 2d DCA 1998). The facts surrounding the offenses at issue, as testified to by the victim identified in Count I, would cause, as the jury found, a reasonable person to be afraid. As such, it matters not that the victim identified in Count II did not testify. See Johnson v. State, 888 So.2d 691, 692 (Fla. 4th DCA 2004) (holding that the fact that the victim of the aggravated assault did not testify and, thus, could not describe or articulate any fear did not bar a conviction because the jury could find that a reasonable person under the circumstances present in the case would be afraid and that the victim was, in fact, in fear); L.R.W. v. State, 848 So.2d 1263, 1266 (Fla. 5th DCA 2003) (noting that the victim did not testify but holding that the trial court could conclude that the appellant's actions would put a reasonable person in fear); McClain v. State, 383 So.2d 1146, 1147 (Fla. 4th DCA 1980) (holding that there was no requirement that a victim in an assault actually testify as to his or her own state of mind with respect to whether or not he or she was afraid).
Accordingly, we REVERSE and REMAND with instructions to reinstate the jury's verdict on Count II.
DAVIS, PADOVANO, and ROBERTS, JJ., concur.