ZAIRON JARQUIS FUSSELL,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-5419

Opinion filed January 29, 2015.

An appeal from the Circuit Court for Alachua County.
Ysleta W. McDonald, Judge.

Nancy A. Daniels, Public Defender, and Megan Long, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Angela R. Hensel, Assistant Attorney General, Tallahassee, for Appellee.

BENTON, J.

On direct appeal, Zairon Jarquis Fussell contends his conviction for conspiracy to commit aggravated assault with a deadly weapon, in violation of section 777.04(3), Florida Statutes (2012), (but not his conviction for attempted murder) should be reversed on grounds using the conjunction "and/or" in the jury instructions constituted fundamental error. We affirm.

The jury heard evidence that: Mr. Fussell and a co-defendant, Robert Morris, quarreled with Micca Gamble, Jacoryana Minniefield, Brandon Richardson and Amber Richardson (the movie patrons) in a theater. The argument subsided before the show[1] began but, during the movie, Mr. Morris left the theater for several minutes and returned with something in his hands, then was seen giving Mr. Fussell a handgun inside the theater. In the parking lot after the movie, Mr. Fussell pulled a handgun and fired in the direction of at least three of the movie patrons, they testified.

The jury also heard testimony from law enforcement officers that, when Mr. Morris was apprehended soon after the incident, the officers seized a movie ticket stub (which indicated the ticket had been purchased at 10:20 p.m.) and Mr. Morris's cell phone, which contained a record of a text purportedly sent from Mr. Morris's phone to Mr. Fussell's phone at 10:48 p.m., asking, "Do you want me to try to bring it there?" The testimony was that the phone also stored a record of a text apparently sent in response, which said simply, "Yeah."

Charged with attempted murder in the first degree,[2] Mr. Fussell was found guilty of the lesser included offense of attempted second-degree murder. He was

---

[1] After Mr. Fussell, the co-defendant, and another companion, Andre O'Neil, took their seats, someone in Mr. Fussell's group said, "Wait until we get out."

[2] Mr. Fussell was arrested two days after the incident. He acknowledged he was at the theater, but denied shooting. He also indicated that he paid someone all the money he had in his wallet for a ride from Gainesville to Miami that evening.

also found guilty as charged of conspiracy to commit aggravated assault, and now appeals only his conviction and sentence for conspiracy to commit aggravated assault. For the first time on appeal, he argues the trial court committed fundamental error in instructing the jury by using "and/or" between the movie patrons' names in the conspiracy count.[3]

---

[3] When instructing the jury on the charge of attempted first-degree murder, the jury was instructed on the lesser-included offense of aggravated assault as follows:

> To prove the crime of aggravated assault, the State must prove the following four elements beyond a reasonable doubt. The first three elements define assault: Zairon Fussell intentionally and unlawfully threatened, either by word or act, to do violence to Jacoryana Minniefield and/or Micca Gamble and/or Brandon Richardson and/or Amber Richardson; at the time Zairon Fussell appeared to have the ability to carry out the threat; the act of Zairon Fussell created in the mind of Jacoryana Minniefield and/or Micca Gamble and/or Brandon Richardson and/or Amber Richardson a well-founded fear that the violence was about to take place; the assault was made with a deadly weapon.

On the charge of conspiracy to commit aggravated assault, the jury was instructed:

> To prove the crime of criminal conspiracy to commit aggravated assault, the State must prove the following two elements beyond a reasonable doubt.
>
> One: The intent of Zairon Fussell was that the offense of aggravated assault with a deadly weapon be committed; two, in order to carry out the intent, Zairon Fussell agreed, conspired, combined or confederated with Robert Morris to cause aggravated assault with a deadly weapon to be committed either by them or one of them or by some other person.
>
> It is not necessary that the agreement, conspiracy, combination or confederation to commit aggravated

3

Jury instructions "are subject to the contemporaneous objection rule, and, absent an objection at trial, can be raised on appeal only if fundamental error occurred. To justify not imposing the contemporaneous objection rule, 'the error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.'" State v. Delva, 575 So. 2d 643, 644-45 (Fla. 1991) (citations omitted). By definition, a nonstructural error is not fundamental unless it could have been outcome determinative. An erroneous jury instruction cannot be fundamental unless it pertains to a matter genuinely at issue in the case. See id. at 645 ("'[F]undamental error occurs only when the omission is pertinent or material to what the jury must consider in order to convict.'" (quoting Stewart v. State, 420 So. 2d 862, 863 (Fla. 1982))).[4]

---

assault with a deadly weapon be expressed in any particular words or that words pass between the conspirators. It is not necessary that the defendant do any act in furtherance of the offense conspired. I have previously defined aggravated assault for you.

[4] Acquiescence in the giving of a jury instruction, as opposed to an affirmative request for the instruction, does not amount to inviting error and does not preclude relief in the event of fundamental error. Compare Williams v. State, 145 So. 3d 997, 1003 (Fla. 1st DCA 2014) (concluding error in jury instructions was not affirmatively waived where "defense counsel did not request the defective instruction" and the "record . . . reflect[ed] nothing more than unknowing acquiescence"), with Smith v. State, 76 So. 3d 1056, 1058 (Fla. 4th DCA 2011) ("The specific issue of whether 'and/or' was appropriate was extensively discussed between the court and the attorneys, and Smith asked for the instruction that he now claims negated his entire defense . . . . Where the defendant asks for the

The use of "and/or" in jury instructions has been addressed in numerous decisions and condemned in many. But not all "and/or" cases are alike. The present case involves the trial of a single defendant, and does not present the problems that may and do arise when multiple defendants are charged disjunctively. Cf. Garzon v. State, 980 So. 2d 1038, 1043-45 (Fla. 2008) (condemning use of "and/or" between the names of three co-defendants); Nicholson v. State, 33 So. 3d 107, 111 (Fla. 1st DCA 2010) ("In some contexts such ['and/or'] instructions pose the risk of misleading the jury to believe it can find one co-defendant guilty based solely on the other co-defendant's conduct satisfying the elements of the crime."); Moton v. State, 8 So. 3d 483, 485 (Fla. 1st DCA 2009) (concluding use of the "and/or" phrase in the instructions constituted fundamental error because "the jury could have found Mr. Moton guilty on the basis of Mr. Stallworth's conduct alone"); Green v. State, 996 So. 2d 911, 912-13 (Fla. 1st DCA 2008) (concluding that the use of "and/or" between the names of defendants in criminal jury instructions was error).

In the present case, the movie patrons who were allegedly shot at—not multiple defendants—were linked with "and/or." This may not be the best practice. See Schepman v. State, 146 So. 3d 1278, 1286 (Fla. 5th DCA 2014) (noting that "Florida courts have long condemned the use of the conjunctions

instruction that he claims on appeal was erroneous, he cannot raise its error on appeal.").

5

'and/or' and 'or' to connect multiple defendants or multiple victims within a single criminal charge" and "urg[ing] prosecutors and trial judges to avoid such faulty shortcuts"); Barnett v. State, 121 So. 3d 643, 648-49 (Fla. 4th DCA 2013) (cautioning "the State and trial judges about the use of 'and/or' in informations and jury instructions" because such use "may create the possibility for non-unanimous verdicts"); Fuller v. State, 942 So. 2d 1039, 1039 (Fla. 2d DCA 2006) (concluding the jury instructions were "fundamentally erroneous because they improperly 'permitted the jury to convict [the defendant] of aggravated assault if one alleged victim was threatened while the other [alleged victim] had a well-founded fear of violence'" (citations omitted)). But the defense in the present case cannot be said to have been prejudiced by the prosecutor's decision to compress what might have been as many as four attempted murder charges into a single charge. Nor did using "and/or" to charge the conspiracy, without specifying which movie patron was (or patrons were) the object of the conspiracy, prejudice the defense here.

In assault cases, the state must prove the victim was in fear. See § 784.011(1), Fla. Stat. (2012) ("An 'assault' is an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent."). An individual determination is called for as to each alleged victim of assault. See Schepman, 146 So. 3d at 1284

6

(noting that "the lumping together of multiple victims in a single count with 'or' or 'and/or' may improperly allow the jury to find a defendant guilty by threatening one victim and causing fear of imminent violence in another victim").[5]

Under neither count tried below, however, was an individual determination required as to each (or any particular) possible victim. Neither count tried below alleged either simple assault or aggravated assault. One count charged attempted murder and the other charged conspiracy to commit aggravated assault. As charged, Mr. Fussell was guilty of attempted murder (whether he intended to kill one, two, three or four persons), and of conspiracy (whether he agreed to and acted in furtherance of a plan to assault one, two, three or four persons using a firearm).[6] Despite the allegations of multiple possible victims in each count, the state had to

---

[5] We have rejected the view that the state must meet both an objective and a subjective standard. See Thomas v. State, 989 So. 2d 735, 736 (Fla. 1st DCA 2008) ("In determining whether a victim was put in fear in the course of a taking, the question is whether the circumstances surrounding the incident would cause a reasonable person to be afraid, not whether the victim was actually afraid. See Cliett v. State, 951 So. 2d 3, 4 (Fla. 1st DCA 2007) . . . . The facts surrounding the offenses at issue, as testified to by the victim identified in Count I, would cause, as the jury found, a reasonable person to be afraid. As such, it matters not that the victim identified in Count II did not testify."); see also Johnson v. State, 888 So. 2d 691, 693 (Fla. 4th DCA 2004) (noting that "the fact the victim did not testify, and thus could not describe or articulate any such fear," did not bar a conviction for aggravated assault because the victim may properly be found to have been in fear "'[i]f the circumstances are such as would ordinarily induce fear in the mind of a reasonable person'" (citations omitted)).

[6] See § 777.04(3), Fla. Stat. (2012) ("A person who agrees, conspires, combines, or confederates with another person or persons to commit any offense commits the offense of criminal conspiracy . . . .").

7

prove but a single victim (which did not have to be the same person for both counts).

In short, on the facts of the present case, which of the movie patron(s)—whether as victim(s) of attempted murder or as the target(s) of a conspiracy—was an intended victim (so long as at least one was an intended victim) was not material under the (information and) jury instructions, within the meaning of Delva.

Affirmed.

WOLF and MAKAR, JJ., CONCUR.